BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney, (Arizona #009363)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

RECEIVED
MAY 9 2007
OFFICE OF
JUDGE TENA CAMPBELL

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BARON LOMBARDO<br>RICHARD CARSON-SELMAN<br>HENRY G. BANKEY<br>FRANCISCO LOMBARDO aka<br>FRANK LOMBARDO<br>COUNT C. LOMBARDO<br>TINA I. HILL<br>KIMBERLIE LOMBARDO aka<br>KITTIE LOMBARDO<br>CURRENC LTD, also known as<br>CURRENC WORLDWIDE, LTD;<br>GATEWAY TECHNOLOGIES, LLC;<br>HILL FINANCIAL SERVICES,<br>INC.; and,<br>BETUS,<br><br>Defendants. | Case No.: 2:07CR286-PGC<br><br>**SEALED**<br><br>ORDER GRANTING UNITED STATES'<br>MOTION FOR PRE-TRIAL RESTRAINING<br>ORDER AND REQUEST TO SEAL<br><br>Chief Judge Tena Campbell |

The United States of America ("United States") has made an <u>ex parte</u> motion ("Motion")

pursuant to 18 U.S.C. § 1963(d)(1)(A), and pursuant to 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C.

§ 2461(c), for a post-indictment restraining order ("Order") to preserve certain assets, which the United States alleges will be subject to forfeiture upon their owner's conviction, and the availability of which will be jeopardized by providing notice before being restrained. The United States has also requested that this Order and all related documents be kept under seal until 1:00 p.m. on Thursday, May 10, 2007 except as needed by law enforcement officers to implement the restraints ordered herein. Upon consideration of the Motion, the accompanying memorandum in support of the Motion, and the Indictment returned in this case, the Court hereby FINDS:

1. That an Indictment has been filed in the above-titled case, charging criminal violations of the racketeering statutes, 18 U.S.C. § 1962(d), on the part of several individual and business entity defendants.

2. That the Indictment contains a racketeering forfeiture allegation, specifically alleging under 18 U.S.C. § 1963 (the racketeering forfeiture statute), that in the event of conviction for one or more of the charged racketeering offenses, any defendant having or claiming any interest in any of the following assets shall forfeit his/her entire interest in any such asset(s), namely: the property listed in Exhibit A to this Order (the "Subject Property"); the bank accounts listed in Exhibit B to this Order (the "Bank Accounts"); and the vehicles listed in Exhibit C to this Order (the "Subject Vehicles").

3. That under 18 U.S.C. § 1963(d)(1)(A), and under 21 U.S.C. § 853(e)(1)(A) and 28 U.S.C. § 2461(c), the Court may "enter a restraining order . . . or take any other action to preserve the availability of property . . . for forfeiture . . . upon the filing of an indictment . . . alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section."

4. That under pertinent statutes and case law, a post-indictment order issued to preserve forfeitable property under 18 U.S.C. § 1963(d)(1)(A), and under 21 U.S.C. § 853(e)(1)(A) and 28

U.S.C. § 2461(c), may: (a) be issued <u>ex parte</u>; (b) restrain personal and real property; and (c) restrain not only the defendants and the allegedly forfeitable assets, but also uncharged persons, entities, and financial accounts that have access to or control over the allegedly forfeitable assets.

5. That this Order is necessary to preserve the availability for forfeiture of all the assets listed in Exhibits A, B, and C attached hereto (the "Subject Assets"), and that this Order is appropriately narrowly tailored to achieve that end.

6. That to effectuate the purposes of this Order, it is necessary and appropriate to keep this Order and all related documents under seal until 1:00 p.m. on Thursday, May 10, 2007, except as needed by law enforcement agents to implement the restraints ordered.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. <u>Preserving availability and value of all assets</u> – That all persons, financial institutions, and other entities who have or assert any access to, interest in, control over, or legal claim to any of the vehicles, real property, and financial accounts described in Exhibits A through C attached to this Order, and all such persons' or entities' agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, are hereby restrained, prohibited, and enjoined from attempting or taking any action that would affect the availability, marketability, or value of the Subject Assets, including but not limited to, selling, conveying, transferring, distributing, bailing, assigning, mortgaging, pledging, collateralizing, hypothecating, encumbering, wasting, secreting, damaging, failing to preserve and maintain, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in any of the Subject Assets. With respect to the Subject Real Properties, the requirements of this paragraph apply to all land, buildings, structures,

fixtures, and any other part of each real property.

    2.    <u>Maintaining and insuring real properties</u> – That all persons, financial institutions, and other entities who have or assert any access to, interest in, control over, or legal claim to any of the Subject Real Properties listed in Exhibit A attached to this Order, and all such persons' or entities' agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, are hereby directed to conduct all ordinary maintenance of the Subject Real Properties, and to maintain casualty, fire, theft, and liability insurance policies for the Subject Real Properties, and to provide certification of such insurance to the United States Marshals Service ("USMS" or "Marshals") or their designees within 48 hours of receiving a request for same. The requirements of this paragraph apply to all land, buildings, structures, fixtures, and any other part of each real property.

    3.    <u>Lis pendens</u> – That the United States is authorized to cause a notice of <u>lis pendens</u> to be placed on the land records for each of the Subject Real Properties.

    4.    <u>Marshals' access to real properties for appraisals</u> – That the USMS is forthwith authorized to make entry onto any of the Subject Real Properties, including entry into any structures, on one or more occasions during the pendency of the Order, during daytime hours between 9:00 a.m. and 5:00 p.m., to conduct an inspection, inventory, and appraisal of: the condition and value of each property; the maintenance, upkeep, and utilities; the tenants and circumstances of all leases, if any; and the terms of insurance with respect to each property. Each appraisal may include still and video photography. The Marshals may be accompanied by one or more appraisers and/or government and contract personnel selected by the Marshals to assist them. The Marshals may also be accompanied by any federal, state, or local law enforcement officers selected by the Marshals to ensure the safety of personnel acting under the authority of

this Order. Any interference with anyone acting under the authority of this Order shall be deemed a violation of a Court Order, punishable by contempt.

5. <u>Freezing financial accounts</u> – That all financial institutions holding any of the financial accounts listed in Exhibit B to this Order (the "Subject Personal Accounts"), shall immediately freeze the contents of all such accounts, except that the institution shall continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to such account in the normal course of business, and that such deposits, interest, dividends, capital gains distributions, and other credits shall be subject to this Order.

6. <u>Financial institutions' maintenance and disclosures of financial accounts</u> – That all financial institutions holding any of the accounts listed in Exhibit B shall:

   a. Take no offset against any such account.

   b. Continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to any such account in the normal course of business, and that such deposits, interest, dividends, capital gains distributions, and other credits shall be subject to this Order.

   c. Upon receiving notice of this order, promptly inform the United States as to the account balances at the time of notice, and thereafter promptly respond to requests from the United States for updated information about the accounts' status, balances, and activity.

7. <u>Lenders' disclosures of mortgages, liens, and security interests</u> – That all financial institutions, other entities, and persons holding mortgages, liens, or other security interests on any account listed in Exhibits B or any part thereof, on any of the Subject Real Properties or any part thereof or any fixture thereon, shall promptly respond to requests by the United States and its

authorized agents and representatives, for information on the status of said mortgages, liens, or other security interests.

8. <u>Seizure of Subject Vehicles</u> – That the USMS shall seize all vehicles listed in Exhibit C to this order and shall store at a secure facility all such vehicles until the resolution of this case. However, to the extent any of the Subject Vehicles is subject to a lien or has been acquired by lease, the USMS shall make a report to the Court recommending one of the following options: (1) releasing the vehicle to the custody of the lienholder or lessor; (2) making the necessary payments on the vehicles and maintaining control and possession of the vehicles; or, (3) seeking permission of the owner of the vehicle to sell the vehicle and place the proceeds of the sale in an escrow account until the above captioned criminal case has been resolved.

9. <u>Further orders necessary to effectuate Order</u> – That under the authority of 18 U.S.C. § 1963(d), and of 21 U.S.C. § 853(e) and 28 U.S.C. § 2461(c), and under the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any further orders necessary to effectuate the terms and/or purposes of this Order, which purposes include preserving the availability and value of the Subject Assets, and facilitating the Marshals' review and appraisal of each Subject Real Property.

10. <u>Right to request hearing; expedited hearing where irreparable loss or harm alleged</u> – That any party subject to this Order may make a written request for a hearing regarding the terms and administration of the Order. If a party submits any such request accompanied by a sworn Affidavit that asserts the Order is causing or will cause immediate and irreparable loss or harm, and that explains with specificity (a) the nature of such alleged loss or harm and (b) a proposed modification of the Order needed to prevent such loss or harm, the Court shall schedule a hearing on such request by the close of the second business day after the filing of such Affidavit. To expedite the scheduling of such a hearing, it may be conducted in whole or in part

by telephone conference.[1]

    11.    <u>Service of Order by Marshals</u> – The USMS or their designees shall promptly serve a copy of this order upon all individuals or entities listed or believed to have any share of ownership of, or custody of, or access to, any of the assets listed in Exhibits A through C; and all financial institutions having custody of all financial accounts listed in Exhibit B; and shall make a return reflecting the dates and times of service.

---

[1] Although a defendant may challenge the terms and administration of the Order, a defendant does not have a right to challenge the probable cause basis for issuance of the restraining order, now or at any time prior to disposition of the criminal charges, except where such defendant can show that the restraint of the property implicates his/her capacity to pay attorney's fees. See <u>United States v. Monsanto</u>, 924 F.2d 1186, 1191 (2d Cir.), <u>cert</u>. <u>denied</u>, 502 U.S. 943 (1991). If a defendant satisfies this exception, with a prima facie showing that the property restraint implicates his/her capacity to hire counsel of choice, the sole issue at the resulting hearing will be whether there is probable cause of defendant's guilt and of the property's forfeitability. If such probable cause is found, the impact of the restraint upon defendant's capacity to pay for counsel is irrelevant, and the restraint stays in place through the time of trial or other disposition of the criminal charges. <u>United States v. Monsanto</u>, 488 U.S. 600, 614 (1989); <u>Caplin & Drysdale, Chartered v. United States</u>, 491 U.S. 617, 631 (1989); <u>United States v. Monsanto</u>, <u>supra</u>, 924 F.2d at 1195-1196. Similarly, should the defendants claim the necessity of obtaining access to restrained funds to provide living expenses, the defendants may so move the Court. <u>United States v. Jones</u>, 160 F.3d 641, 647-48 (10th Cir. 1998).

12.     <u>Temporary Sealing of Restraining Order Documents</u> -- The Motion and this Order, the Memorandum in support of same, shall all be kept under seal until 1:00 p.m. on Thursday, May 10, 2007, except as needed by the Marshals or their designees to implement the restraints ordered herein; and all such documents shall be unsealed as of 1:00 p.m. on May 10, 2007, unless and until otherwise ordered by this Court. The United States Attorney's Office shall retain custody of the pertinent documents for the interim period during which they are sealed, and shall file said documents at or shortly after 1:00 p.m. on May 10, 2007.

Dated this 9th day of May, 2007.

*[signature]*

HON. TENA CAMPBELL
UNITED STATES DISTRICT JUDGE

## Exhibit A
## Subject Properties

1. Real property located at 8305 Fullmoon Maple Ave, Las Vegas, NV 89117

2. Real property located at 1213 Mercedes Circle, Las Vegas, NV 89102

3. Real property located at 1832 N. Decatur Boulevard, Unit 102, Las Vegas, NV 89109

4. Real property located at 1832 N. Decatur Boulevard, Unit 202, Las Vegas NV 89109

5. Real property located at 1805 S. Pacific Coast Hwy, Unit 85, Redondo Beach, CA 90277

**Exhibit B**
**Subject Financial Accounts**

1. All funds in Nevada State Bank Account No. 22084644 in the name of Behnke Domestic Non Grantor Insurance Trust

2. All funds in Nevada State Bank Account No. 22084354 in the name of Red Dogg Ultra Trust

3. All funds in Nevada State Bank Account No. 22081566 in the name of Bablcom Domestic Non Grantor Insurance Trust

4. All funds in Nevada State Bank Account No. 22084081 in the name of Landbaron Ultra Trust

5. All funds in Nevada State Bank Account No. 22083166 in the name of Lime Light Domestic Non Grantor Insurance Trust

6. All funds in Smith Barney Investment Account No. 482-14044-17-519

## Exhibit C
### Subject Vehicles

1. 2005 Dodge Ram 3400 VIN: 1D7LS38CX5G825480

2. 2006 Chrysler 300C  VIN: 2C3LA63H16H289686

3. 2006 Mercedes Benz CLS500 VIN: WDDDJ75X16A052310

4. 2004 Maserati Spyder VIN: ZAMBB18A740011617

5. 2005 Coachman Cross Country 376DS VIN: 4UZAAHBV35CU39008

6. 2005 Lincoln Town Car SLW VIN: 1LNHM85W55Y668819

7. 2005 Chrysler PT Cruiser Touring Edition VIN: 3C4FY58B15T588524