D. GILBERT ATHAY (0143)
ATTORNEY FOR DEFENDANT
43 East 400 South
Salt Lake City, Utah 84111
Telephone:   (801) 364-1333
Facsimile: (801) 364-3232

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MOTION TO SUPPRESS EVIDENCE |
| Plaintiff, | : | |
| v. | : | |
| BARON LOMBARDO, | : | Case No. 2:07CR286 |
| Defendant. | : | Judge Ted Stewart |

---

Baron Lombardo by and through his lawyer, D. Gilbert Athay, hereby moves this Court for an Order suppressing all physical evidence, whether tangible or intangible, an statements or admissions of the defendant or any other person, and any and all observations of law enforcement officers and any other fruits of the search of the premises known as 2412 Plaza Grande, Las Vegas, Nevada.  This motion is based upon the United States Constitution, Rule 12 and 41(f) of the Federal Rules of Criminal Procedure, the records and files in this case and such evidence as shall be presented in support of said motion.

The search involved in this case was conducted pursuant to a search warrant issued upon application of Special Agent Casey Roy Hill, Internal Revenue Service Criminal Investigator.

The defendant alleges that evidence seized in the course of service of the warrant is the

fruit of illegal, unreasonable and unconstitutional search and seizure in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution.

The search pursuant to the warrant was illegal and unconstitutional for the following reasons:

I.    The affidavit submitted in support of the application for the warrant failed to set forth sufficient facts which would allow a neutral and detached magistrate to conclude that there was probable cause to believe that a controlled substance offense was being committed at the location indicated or that contraband or evidence of such a crime was then located therein.  Illinois v. Gates, 462 U.S. 213 (1983).  The affidavit wholly failed to set forth sufficient facts from which the magistrate could make an independent determination as to the veracity of the claims allegedly made by a confidential informant or the informant's reliability.  Additionally, there was insufficient information in the affidavit to assess the staleness of the alleged tip. Sgro v. United States, 287 U.S. 206 (1932); United States v. Johnson, 461 F.2d 285 (10th Cir. 1972); Aguilar v. Texas, 378 U.S. 108 (1964); Spinelli v. United States, 393 U.S. 410 (1969); Draper v. United States, 358 U.S. 307 (1959).

II.    Agent Hill intentionally or with reckless disregard for the truth made false statements and/or material omissions in his affidavit in support of the warrant application.  Such statements and/or omissions rendered allegations in the affidavit misleading and materially affected the probable cause determination.  Defendant hereby moves for a hearing in these issues pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  (The material omissions and the legal basis for this Motion will be supplied in a supplemental memorandum with supporting documents and affidavits at the conclusion of the investigation by counsel for defendant which is currently

ongoing.)

III.   The "good faith" exception to the Fourth Amendment exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984) does not apply to the instant case for the following reasons:

a.    The affidavit in support of the application for the search warrant was so deficient in showing probable cause that no law enforcement officer could harbor an objectively reasonable belief that probable cause existed to search the place set forth in the warrant.  United States v. Peltier, 422 U.S. 531 (1975); LoJi Sales, Inc. v. New York, 442 U.S. 319 (1979); United States v. Schauble, 647 F.2d 113 (10th Cir. 1981); Leon at 923.

b.    The magistrate issuing the warrant abandons his judicial role in issuing the warrants. Leon.

c.    The manner of executing the warrant is not subject to the "good faith" doctrine. Leon.

d.    The good faith exception does not apply to search warrants issued upon affidavits containing false statements intentionally or recklessly made, or to affidavits from which material information has been intentionally or recklessly omitted. Leon; Franks v. Delaware, 438 U.S. 154 (1978).

Based upon the foregoing and the violation of defendant's constitutional rights in the course of the issuance and execution of the search warrant in the instant case, defendant requests that this Court issue and Order suppressing the fruits of the warrant process which was all evidence derived from the service of the warrant on August 4, 2001.  Wong Sun v. United States, 371 U.S. 471 (1963).

Respectfully Submitted this 19th day of October, 2007.




/s/ D. Gilbert Athay
D. Gilbert Athay
Attorney for Baron Lombardo



CERTIFICATE OF SERVICE

I hereby certify that on October 19th, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which sent notification of such filing to the

following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111




/s/ Heather M. Stokes

4