BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:07CR00286 TS |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S MEMORANDUM IN** |
| v. | ) | **OPPOSITION TO DEFENDANTS'** |
| | ) | **MOTION TO DISMISS COUNT 1 OF** |
| BARON LOMBARDO, et al., | ) | **THE INDICTMENT** |
| | ) | |
| Defendants. | ) | Judge Ted Stewart |

The United States of America, by and through counsel undersigned, hereby submits its memorandum in opposition to defendants' motion to dismiss Count 1 of the Indictment in this case (Doc. #78).[1] The defendants allege that Count 1 of the Indictment must be dismissed because it fails to adequately allege a racketeering conspiracy. However, the defendants have failed to support their motion with an appropriate factual or legal basis. Therefore, the motion to dismiss should be denied.

[1] Co-defendants Baron Lombardo (Doc. #81), Tina Hill (Doc. #85), Francisco Lombardo (Doc. #86), Count Lombardo (Doc. #88) and Henry Bankey (Doc. #90) have all moved to join in this motion to dismiss. Defendant Kimberlie Lombardo has also filed a motion to join (Doc. #109). However, her motion was untimely without good cause, and she has therefore waived her objections pursuant to Federal Rule of Criminal Procedure 12(e). United States v. Coppola, 526 F.2d 764, 772-73 (10th Cir. 1975).

## I. COUNT ONE OF THE INDICTMENT CHARGING RICO CONSPIRACY IS ADEQUATELY PLED AND MAY NOT BE DISMISSED PRIOR TO TRIAL ON THE MERITS

A motion to dismiss is subject to the requirements of Fed.R.Crim.P. 12(b)(2), which states "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." In this case, as the Indictment is sufficient on its face, the determination of whether the Government can prove its allegations must wait for trial on the merits.

> 'An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.' Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. Rather, '[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency.
>
> * * *
>
> On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence.

United States v. Todd, 446 F.3d 1062, 1067-68 (10th Cir. 2006) (interior citations omitted).

## II. RICO CONSPIRACY LAW

In order to prove the defendants guilty of conspiracy as alleged in Count 1, the Government must establish, beyond a reasonable doubt, that the defendants: "(1) by knowing about and agreeing to facilitate the commission of two or more acts (2) constituting a pattern (3) of racketeering activity (4) participate[d] in (5) an enterprise (6) the activities of which affect interstate or foreign commerce." United States v. Smith, 413 F.3d 1253, 1266 (10th Cir. 2005); see also Salinas v. United States, 522 U.S. 52, 65 (1997).

**A. RICO Enterprise**

Proof of the existence of a RICO enterprise has three elements: “First, the Government must prove the existence of ‘an ongoing organization with a decision-making framework or mechanism for controlling the group.’ Second, the Government must prove ‘that various associates function as a continuing unit.’ Finally, the Government must prove that the enterprise exists ‘separate and apart from the pattern of racketeering activity.’” Smith, 413 F.3d at 1266-67 (interior citations omitted).

**B. Pattern of Racketeering Acts**

Acts which constitute racketeering predicates are defined in Title 18, United States Code, §1961(5). “Racketeering activity” includes various violations of State statute, and listed federal offenses, including those alleged in the Indictment in this case. A “pattern of racketeering activity” is defined at Title 18, United States Code, §1961(5), and requires at least two such acts within ten years of each other. There has been considerable judicial gloss on the concept of what is required to establish a pattern of racketeering acts. In the Tenth Circuit, the prosecution must establish that the racketeering acts charged are “related” and pose a threat of continued criminal activity. Smith, 413 F.3d at 1269-70. As stated by the Supreme Court:

> The limits of the relationship and continuity concepts that combine to define a RICO pattern, and the precise methods by which relatedness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a ‘pattern of racketeering activity’ exists.

H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 243, 109 S.Ct. 2893, 2902-03, 106 L.Ed.2d 195 (1989).

### C. Ascertainable Structure

To establish the existence of an association-in-fact RICO entity, the Government must prove that the enterprise had a ascertainable structure, apart from the association necessary to commit the racketeering acts. "[I]t is not necessary to show that the enterprise has some function wholly unrelated to the racketeering activity, but rather that it has an existence beyond that which is necessary merely to commit each of the acts charged as predicate racketeering offenses." Smith, 413 F.3d at 1267.

### D. Continuity[2]

Proof of the existence of a racketeering enterprise requires a showing of structural continuity. "[T]he central feature of this element is simply that each [enterprise] member played a role in the [enterprise] that is both consistent with [the enterprise's] organizational structure and furthered [the enterprise's] activities." Smith, 413 F.3d at 1267.

## III. ADEQUACY OF THE RACKETEERING CONSPIRACY CHARGE

The Tenth Circuit has not published a pattern jury instruction for racketeering conspiracy. However, as stated in United States v. Salinas, 522 U.S. 52, 65 (1997):

---

[2] There is another RICO "continuity" concept, relevant to the pattern of racketeering activity. In that context, continuity refers to the persistence of the criminal conduct. "'Continuity" is both a closed - and open - concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.'" Smith, 413 F.3d at 1271 (internal citation omitted). The Court defined two especially relevant factors in determining this type of continuity: (1) the duration of the related predicate acts; and (2) the extensiveness of the enterprise's scheme. This encompasses the number of victims, the number of acts, the variety of racketeering acts, the type of injuries or damages, and the complexity and size, nature or character of the enterprise or the unlawful activity.

> A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself.

As stated in Smith, "a defendant can be convicted under § 1962(d) upon proof that the defendant knew about or agreed to facilitate the commission of acts sufficient to establish a § 1962(c) violation." Smith, 413 F.3d at 1265. Therefore, in the Tenth Circuit, the elements of RICO conspiracy are: (1) a knowing agreement to facilitate, through the commission by the defendant or another of at least two racketeering acts, the operation of; (2) an enterprise, as alleged in the indictment; (3) that affected interstate or foreign commerce; (4) and operated through a pattern of racketeering activity. Pattern Criminal Jury Instruction, 10th Circuit, § 2.76.1 (2006) (modified).

Count 1 of the Indictment charges all of the defendants with conspiracy to conduct and participate, directly and indirectly, in the conduct of the affairs of the Gambling Gateway Enterprise. The racketeering predicates alleged are violations of various State gambling laws, and violations of Title 18, United States Code, §§ 1084 (the Wire Wager Act); 1344 (Bank Fraud) and 1956 (Money Laundering). Count 1 alleges the existence of the Gambling Gateway Enterprise through description of the Enterprise, the various roles played by the defendants in the Enterprise, the objects, manner, method and means of the alleged conspiracy, and various non-exclusive overt acts committed in furtherance of the conspiracy. Count 1 is legally and factually sufficient, and not subject to dismissal prior to trial.

**A. The Claims Made by the Defendants may not be Determined Pre-Trial**

The defendants claim that Count 1 of the Indictment is subject to dismissal prior to trial because the underlying substantive conduct does not constitute a racketeering offense. The defendants recite a number of ways in which they claim the "underlying substantive conduct" in the Indictment is insufficient to allege a RICO violation. In support of this argument, the defendants cite two civil RICO cases in which motions for summary judgment were granted on this basis.[3] These cases cannot support the defendants' position for two reasons. First, the issue in these civil cases was whether the plaintiff had established a legally cognizable "racketeering injury," damage for which the defendant was legally responsible. The courts naturally found that, if the substantive racketeering conduct did not cause such injury, a conspiracy to commit the same conduct would also necessarily fail to do so. See Condict v. Condict, 826 F.2d 923, 926-27 (10th Cir. 1987). Conversely, in the criminal justice system, conspiracy is a wholly separate and independent crime. "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself." Salinas v. United States, 522 U.S. 52, 65 (1997).

Second, there is no equivalent in the criminal justice system to the civil motion for summary judgment. As stated by the Supreme Court:

> No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable

[3] BancOklahoma Mort. Co. v. Capital Title Co. Inc., 194 F.3d 1089, 1103 (10th Cir. 1999), and Edwards v. First Nat'l. Bank, Bartlesville, Okla., 872 F.2d 347, 352 (10th Cir. 1989).

delay but add nothing to the assurance of a fair trial.

Costello v. United States, 350 U.S. 359, 363-64 (1956); see also United States v. King, 581 F.2d 800, 802 (10th Cir. 1978) ("Certainly an information or indictment may be dismissed if it is insufficient to charge an offense. But it may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence.").[4]

All of the claims made by the defendants regarding the alleged racketeering enterprise concern issues of disputed fact that may only be resolved by a trial on the merits. "The issues of ongoing organization, continuing membership and an enterprise existing apart from the underlying pattern of racketeering are factual questions for the jury." United States v. Sanders, 928 F.2d 940, 943 (10th Cir. 1991). See also United States v. Self, 2 F.3d 1071, 1082 (10 Cir. 1993) (whether hazardous material met statutory definition required determination of factual questions by the jury).[5]

**B. Count 1 Adequately Alleges a Racketeering Enterprise**

The defendants claim that Count 1 was does not allege the structure, continuity, framework or decision-making mechanisms of the Gambling Gateway Enterprise (motion, page 10). This is in fact incorrect, and legally irrelevant. None of the listed characteristics constitute elements of racketeering conspiracy, and are therefore not matters for allegation in an indictment

---

[4] The Tenth Circuit has recognized one very narrow exception to this rule, in "the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. . . . Such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception." United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994). This case is not such a "rare exception."

[5] In the interest of judicial economy, the United States has responded to the claims made by the defendants on the merits.

or information. As stated in United States v. Todd, 446 F.3d 1062, 1067-68 (10th Cir. 2006), in determining the sufficiency of an indictment, "the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence."

Factually, the Indictment alleges the following: the objects of the Gambling Gateway Enterprise (¶4); the roles the defendants played in the Enterprise (¶¶ 5 through 11); the structure of the Enterprise, with some detail regarding the various responsibilities of the defendants within the Enterprise (¶¶ 13 through 20); the alleged racketeering acts (¶ 24); the manner, method and means of the racketeering conspiracy (¶¶ 25 through 34); and several overt acts undertaken to accomplish the objects of the conspiracy (¶ 35). Given the amount of factual information provided, were the defendants' claims regarding matters that must be alleged true, the Indictment would easily pass muster on every point.

The defendants further claim that the Indictment does not define a racketeering enterprise that is substantially different from the acts that form the pattern of racketeering activity alleged to have been committed (motion, page 11). The defendants state that the test to be applied to determine whether a separable structure exists is redaction of the racketeering predicates; if what remains has an ascertainable structure, then the requirement is met. The defendants then declare that the Gambling Gateway Enterprise had no purpose other than assisting illegal Internet gambling businesses, and that once the associated predicates are subtracted from the Indictment, no structure remains (motion, page 12).

The defendants correctly note the importance of the "enterprise" concept in defining a racketeering offense:

> This use of the 'enterprise' element to provide a relationship between the two predicate crimes aids to contain the prohibitions of RICO rather than expand them to cover purely sporadic criminal activity. This result of the statutory structure does not appear serendipitous, but rather seems to be the product of careful planning.

United States v. Anderson, 626 F.2d 1358, 1367 (8th Cir. 1980). The defendants correctly state the requirement, but incorrectly describe the test to be applied. The redaction method of determining whether a structure exists apart from the racketeering acts does not require the excision of everything associated with the predicates: as the United States Supreme Court has stated, it requires separating the alleged racketeering conduct from the mechanisms used, and examining what remains:

> The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages.

United States v. Turkette, 452 U.S. 576, 583 (1981). In this case, if the racketeering activity is excised from the Indictment, the structure used to commit those acts remains. The defendants did not merely come together to commit the racketeering predicates; they continued to operate the Gambling Gateway Enterprise every day. The structure set up by the defendants could have easily been used to provide legitimate services, rather than supporting the illegal operations of

Internet gambling web sites. Therefore, the Indictment more than adequately alleges the "enterprise" element of a racketeering conspiracy charge.

Handeen v. Lemaire, 112 F.3d 1339 (8th Cir. 1997) involved false filings in a bankruptcy. The court ruled that a RICO enterprise structure was adequately pled, even though the charged pattern of racketeering activity encompassed all of the enterprise's alleged conduct. The Court stated:

> It might be argued that the enterprise would have collapsed without the fraudulent submissions because failure to file those documents would have resulted in dismissal of the [the defendant's] petition [in bankruptcy]. In removing the predicate acts from our analysis, however, we assume that the filings would have been made, but with accurate contents. Otherwise, it would be unduly difficult to find an enterprise in situations similar to this.

Handeen, 112 F.3d at 1352, n.16. The structure of an enterprise can be "demonstrated by proof that a group engaged in a diverse pattern of crimes or that it has an organizational pattern or system of authority beyond what was necessary to perpetrate the predicate crimes." Reynolds v. Condon, 908 F.Supp. 1494, 1509 (N.D. Iowa 1995) (interior citations omitted). The focus of the inquiry is on "whether the enterprise encompasses more than what is necessary to commit the predicate RICO offense." Reynolds, 908 F.Supp. at 1509.

In this case, the Indictment describes an enterprise that operated, among other things, an accounting firm, a technology company, and Internet web sites. The Enterprise used bank accounts and banking facilities, wire services, and Internet-based services in order to conduct its operations. If, for example, the service the Enterprise provided its clients had been processing of payments to Internet auction web sites, rather than to Internet gambling web sites, the structure required would have been the same as that described in the Indictment. This structure was not dependent on the nature of the transactions it carried out, and persisted whether transactions

were being conducted or not. The structure of the Enterprise was not simply the pattern of racketeering acts alleged. Therefore, the "enterprise" requirement of a RICO conspiracy charge is adequately stated in the Indictment, and the defendants' motion to dismiss should be denied.

**C. Count 1 Adequately Alleges a Pattern of Racketeering Activity**

The defendants claim that the allegation of a pattern of racketeering activity in Count 1 is insufficient because the violations of various State anti-gambling laws are alleged by reference to the applicable statute, rather than a description of the conduct. This claim is both factually inaccurate and legally incorrect. Factually, in addition to the statutory citations, the Indictment describes, in detail, the manner in which the Enterprise facilitated illegal Internet wagering (¶¶ 27 through 30), and even specific gambling transactions (¶ 35). Legally, an indictment is sufficient if it contains the elements of the offense, sufficiently apprises the defendant of the charges he must defend, and protects him from double jeopardy. United States v. Salazar, 720 F.2d 1482, 1486 (10th Cir. 1983). The sort of evidentiary detail sought by the defendants would not even be granted in a bill of particulars; much less does its absence from the Indictment provide the basis for dismissal. United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988); see also United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992).

**D. Count 1 of the Indictment is not Vague**

The defendants claim that Count 1 is vague, but do not specify in what way the Indictment fails to inform them of the charges alleged against them. As stated above, the questions of sufficiency "'is not a question of whether [the indictment] could have been more definite and certain.'" United States v. Salazar, 720 F.2d 1482, 1487 (10th Cir. 1983) (emphasis in original, interior citations omitted). The Indictment in this case states specifically the pattern

of racketeering activity through which the Gambling Gateway Enterprise operated. "An indictment need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988).

**E. The Allegations of Wire Wager Act Violations in Count 1 are Not Subject to Dismissal**

The defendants claim that the Wire Wager Act violations alleged in Count 1 must be dismissed, but do not state why. They cite to and incorporate by reference a separate motion to dismiss substantive Wire Act counts from the Indictment (Doc. #80), and a motion to dismiss the entire prosecution as a violation of U.S. treaty obligations (Doc. #79). The United States filed memoranda in opposition to these motions this date, herein incorporated by reference. The defendants' arguments are without merit, and their motions should be denied.

## IV. COUNT 1 PROVIDES ADEQUATE NOTICE OF THE CRIMES CHARGED

The defendants claim that the allegation of racketeering conspiracy in Count 1 does not provide them with meaningful notice of the crimes charged. However, the defendants do not state precisely how Count 1 fails to meet the requirements of Federal Rule of Criminal Procedure 7(c)(1).[6] In the absence of a specific claim, the Government states that Count 1 contains all of the elements of racketeering conspiracy, and sufficient factual detail to allow the defendants to prepare a defense. It is therefore sufficient, and not subject to dismissal prior to trial. United States v. Walker, 947 F.2d 1439, 1441 (10th Cir. 1991). Therefore, the defendants' motions should be denied.

---

[6] "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ."

## C. CONCLUSION

The defendants have failed to support their claims regarding the alleged inadequacy of Count 1 of the Indictment. The Indictment provides the defendants with constitutionally sufficient notice of the crimes charged against them. It is "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and is not subject to dismissal prior to their trial on the merits. Therefore, the defense motions should be denied.

Respectfully submitted this 2nd day of November, 2007.

BRETT L. TOLMAN
United States Attorney

/s/ *D. Loren Washburn*
D. LOREN WASHBURN
Assistant United States Attorney

/s/ *Marty Woelfle*
MARTY WOELFLE
Trial Attorney
Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street

/s/ *Marty Woelfle*