BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | Case No. 2:07CR00286 TS |
| v. | **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE** |
| BARON LOMBARDO, et. al | **EXHIBITS FILED UNDER SEAL** |
| Defendants. | Judge Ted Stewart |

_____

The United States of America, by and through the undersigned attorneys, hereby submits its memorandum in opposition to Defendants' motion to suppress evidence.[1] Defendants have challenged the search of a home located at 2412 Plaza Grande, Las Vegas, Nevada. The Defendants argue that the warrant should be suppressed because the

---

[1] This motion was initially filed by Defendant Baron Lombardo (Docket # 74). It has since been joined by Defendants Richard Carson-Selman (Docket # 75), Tina Hill (Docket # 87), and Count C. Lombardo (Docket # 89).

Affidavit in support of the warrant "failed to set forth sufficient facts which would allow a neutral and detached magistrate to conclude that there was probable cause"; and the affiant made false statements in the Affidavit sufficient to vitiate probable cause. The Defendants also argue that, in the event the Court finds that the warrant failed to establish probable cause, the good faith exception announced by the Supreme Court in <u>United States v. Leon</u>, 468 U.S. 897 (1984), does not apply. Because this case involves a search warrant, the United States relies on the validity of that warrant and asserts that the evidence seized should not be suppressed. Furthermore, the Court should resolve the motion without an evidentiary hearing in this matter.[2]

## ARGUMENT

I. **Factual Introduction**

    A.    <u>Procedural History</u>

On May 11, 2007 Special Agent Casey Hill of the Internal Revenue Service submitted an affidavit in support of a search warrant to United States Magistrate Judge George W. Foley of the District of Nevada. <u>See</u> Affidavit attached hereto as Exhibit A, filed under seal. The Affidavit incorporated by reference the Affidavit of Special Agent Jamie Hipwell that had been used in support a search warrant issued by Magistrate Judge George W. Foley on May 10, 2007, case number 2:07-mj-285-GWF. <u>See</u> Exhibit A at 2;

---

[2] Any challenge to the sufficiency of the affidavit in support of the search warrant must be assessed by a review of the four corners of the document, and no further evidence is necessary. <u>Kaiser v. Lief</u>, 874 F.2d 732, 734-35 (10th Cir. 1989).

see also Affidavit of Special Agent Hipwell attached hereto as Exhibit B, filed under seal.³ Special Agent Hill submitted his Affidavit seeking authorization to search 2412 Plaza Grande, Las Vegas, Nevada, for documents related to Gateway Technologies, Hill Financial Services, or other businesses involved in Internet gambling and for bank records of Defendant Baron Lombardo or the other individual defendants in this case. Id. at 7-8. Based on the information contained in the Affidavit submitted by Agent Hill, Magistrate Judge Foley authorized the search on May 11, 2007. A copy of the search warrant is attached as Exhibit C, filed under seal.

    B.    <u>The Search Warrant Affidavit</u>

In the Affidavit, Special Agent Hill averred that he had seen computers in the home he was seeking to search. (Id. at 3). Specifically, Agent Hill saw a number of computers on desks in a home office. (Id.) He also saw a computer server in a closet or nook. (Id.) The Hill Affidavit established that, at least once in the past, the server used to run the Defendants' Internet gambling business had been located in Baron Lombardo's home. (Id. at 6). The Hill Affidavit also established that the computers at Gateway Technologies and Hill Financial's offices allowed remote access, and therefore the computers at the home could have been used to access the office network serving Gateway Technologies and Hill Financial. (Id. at 6).

---

³The Defendants have also challenged this search warrant, see Docket #'s 77, 81, 85, 89, 90. The United States memorandum in opposition to that motion is hereby incorporated by reference.

The Hill Affidavit also informed the magistrate that Defendant Lombardo and his girlfriend both said that the computers were used for business unrelated to Gateway Technologies and Hill Financial.  (Id. at 3, 5).

Special Agent Hipwell's Affidavit, which was incorporated into the Hill Affidavit by reference, established that the Defendants were part of a RICO enterprise that facilitated illegal Internet gambling under the guise of two firms, Gateway Technologies and Hill Financial, (Exhibit B at 6-12), that the business involved mis-coding credit card transactions that were submitted to banks through the Visa and Mastercard systems, (Id. at 7), and that the Internet gambling business had been located in Utah but was later moved to Las Vegas. (Id. at 28).  The Hipwell Affidavit also established that the business operated continually during 2004 and 2005.  (Id. at 8).  The Hipwell Affidavit also established that as of October 16, 2006, a collection of trash from the dumpsters at the offices of Hill Financial and Gateway Technologies indicated that the businesses continued to operate, and to use offshore bank accounts.  (Id. at 28).  Later trash runs also indicated that Hill Financial and Gateway Technologies continued to operate at the business address.  (Id. at 12, 28-9).

II.     **The Affidavit Contained Probable Cause**

    A.     <u>The Court Should Defer to the Magistrate's Finding of Probable Cause.</u>

The United States Supreme Court has stated that in search warrant cases, the "task of the issuing magistrate is simply to make a practical, common-sense decision whether,

given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or other evidence of a crime will be found in a particular place." Jones v. United States, 362 U.S. 257, 271 (1960) (citations and quotations omitted).  Moreover, the Court has stated that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a *de novo* review." Illinois v. Gates, 462 U.S. 213, 236 (1978).  Rather, a "magistrate's determination of probable cause should be paid great deference" by reviewing courts as a "grudging or negative attitude" would be "inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." Id. at 236; see Franks v. Delaware,, 438 U.S. 154, 172 (1978); United States v. Finnigin, 113 F.3d 1182, 1185 (10th Cir. 1997).

Despite the presumption of validity given to search warrants and their affidavits, the Defendants now challenge the sufficiency of the Affidavit submitted to Judge Foley by Agent Hill.  In assessing that claim, the duty of this Court "is simply to ensure that the magistrate had a substantial basis for conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. at 238-39 (citing Jones, 362 U.S. at 271)(citations and quotations omitted).

Based on the facts articulated in Section II. B. above, it was reasonable for Magistrate Judge Foley to conclude that there was a "fair probability" that evidence of the Gambling Gateway Enterprise would be found in the home located at 2412 Plaza Grande,

Las Vegas, Nevada, and more specifically on the computers within that home as identified in the Affidavit. Jones, 362 U.S. at 271. More specifically, the information in the Affidavit established that the Gambling Gateway Enterprise business continued to operate, that in the past Baron Lombardo had used computers stored in his home to help operate the Enterprise, and that Baron Lombardo had numerous computers, including a computer server, in his home at the time of the search.

Giving great deference to Judge Foley's probable cause determination, this Court should find that the Affidavit submitted by Agent Hill established probable cause that evidence of the Gambling Gateway Enterprise operations would be found at 2412 Plaza Grande, Las Vegas, Nevada. Therefore the Defendants' motion to suppress should be denied.

> B. In light of the Nature of the Alleged Criminal Conduct and the Type of Evidence to be Seized, and in Light of the Evidence Refreshing Probable Cause, the Information in the Affidavit was not Stale.

"Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." United States v. Williams, 897 F.2d 1034, 1039 (10th Cir. 1990).

The Tenth Circuit has consistently upheld search warrants based on information which is months old when the criminal activity was "ongoing and continuous." See United States v. Myers, 106 F.3d 936, 939 (10th Cir. 1997)(upholding search warrant in which five months elapsed from the time police received tip and time search warrant

obtained). As the Tenth Circuit has explained:

> Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.

United States v. Johnson, 461 F.2d 285, 287 (10th Cir. 1972); see also United States v. Mathis, 357 F.3d 1200, 1207 (10th Cir. 2004)(stating where offense is ongoing and continuing, passage of time is not of critical importance); United States v. Iiland, 254 F.3d 1264, 1269 (10th Cir. 2001)(information not stale where activities set out in affidavit occurred three months before warrant was obtained because facts demonstrated ongoing drug trafficking over considerable period of time); United States v. Greene, 250 F.3d 471, 481 (6th Cir. 2001) (noting that evidence of ongoing criminal activity will generally defeat a claim of staleness); United States v. Lacy, 119 F.3d 742, 745-46 (9th Cir. 1997)(stating that information is not stale if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that items to be seized are still on the premises).

      The nature of the documents to be seized is also an important factor in determining whether probable cause has been established. The Tenth Circuit has observed that business records are rarely moved, and thus warrants seeking to obtain business records based on old information are not necessarily stale. Williams, 897 F.2d at 1039; United States v. Snow, 919 F.2d 1458, 1459-60 (10th Cir. 1990); see also, United States v. Farmer, 370 F.3d 435, 439-40 (4th Cir. 2004) ("documents including ... records of

payment ... bank statements, canceled checks, check registers, [and] all payment receipts . . . are precisely the types of records that are not ordinarily destroyed or moved about from one place to another.") (citations and quotations omitted); United States v. Yusuf, 461 F.3d 374, 391 (3rd Cir. 2006) ("[T]he mere passage of time does not render information in an affidavit stale where: (1) the facts suggest that the activity is of a protracted and continuous nature, and (2) the items to be seized were created for the purpose of preservation, e.g., business records").

Here, Special Agent Hill sought authority to seize business records. The Affidavit established that between two and three years before execution of the warrant, those records had been stored at the location to be searched. Moreover the Affidavit established that there were computers on the premises, including a computer server. Thus, in light of all the circumstances, including the ongoing criminal conduct and the nature of the evidence sought, there was sufficient probable cause to believe that at the time the warrant was issued the evidence would be found at the location to be searched. Therefore the Defendants' Motion to Suppress should be denied.

    C.    The Affidavit Included Sufficient Evidence Corroborating the Statements of the Cooperating Witnesses.

In Illinois v. Gates, 462 U.S. at 230-32, the Supreme Court adopted a "totality of the circumstances" test to determine when information from an anonymous or confidential informant can establish probable cause. An informant's "veracity, reliability, and basis of knowledge are all highly relevant in determining the value of his report." Id.

at 230.  Corroboration of informants' tips is one way of establishing reliability of the informant.  Id. at 241-46.  "When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir.2000).

Here, the Affidavits contained sufficient evidence to establish the cooperating witnesses veracity, reliability and basis of knowledge.  Moreover, the Agents corroborated much of the information provided by the cooperating witnesses.

The cooperating witnesses were identified, including their employment history. (Exhibit B at 12-16). The Hipwell Affidavit described the cooperating witnesses' role in Gateway Technologies and Hill Financial, which established the basis for their knowledge of the facts they provided. (Id.).

In addition, the Hipwell Affidavit included significant corroboration of the cooperating witnesses' statements.  The cooperating witnesses provided IRS Special Agents with data identifying thousands of people who conducted gambling transactions through the Enterprise.  (Id at 16).  Agents interviewed many of these gamblers and confirmed that they did conduct Internet gambling transactions as reflected in the information provided by the cooperating witnesses.  (Id.).

The cooperating witnesses described numerous bank accounts and banking transactions that were conducted on behalf of the Enterprise.  (Id. at 9-11).  The Hipwell Affidavit recounts that IRS Special Agents confirmed the existence of these bank

accounts and reviewed the corresponding bank records as described by the cooperating witnesses. (Id. at 16).

As detailed in the Hipwell Affidavit, the cooperating witnesses also told the investigators that Neil Gallagher had helped the Defendants form contacts with a Korean Bank, that were necessary to the operation of the Enterprise. (Id. at 8). Gallagher, a former United States Congressman, confirmed that he introduced the Defendants to a Korean banker, and that he became aware that the Defendants were using this Korean bank to process Internet gambling transactions. (Id. at 16-17).

The cooperating witnesses also informed investigators that the business had moved from its location in Draper, Utah, to 1111 Desert Lane in Las Vegas, Nevada. (Id. at 28). IRS Special Agents corroborated this by collecting and examining trash from the 1111 Desert Lane on three occasions. (Id. at 12, 28). Agents also confirmed that in 2006, a copier leased to Hill Financial was moved from the Draper address to 1111 Desert Lane, Las Vegas, Nevada.

The Hipwell Affidavit included information that might have negatively affected the cooperating witnesses credibility including that they had been given immunity, (Id. at 4), that they said they had been threatened by the Defendants, (Id. at 4), and that they were embroiled in a lawsuit with the Defendants. (Id. at 11). Nonetheless, the Hipwell Affidavit informed Magistrate Judge Foley that in their attempts to corroborate the witnesses' story, at no time had the agents found the statements of the cooperating

witnesses to be untrue.  (Id. at 4).

Giving great deference to Judge Foley's probable cause determination, the Affidavits contained sufficient information that Judge Foley could have found that in the totality of the circumstances, probable cause had been established.[4]  The Defendants' motion to suppress, therefore, should be denied.

III.    **The Good Faith Exception Applies**.

In reviewing the four corners of the Affidavit, if this Court were to conclude that the Affidavit submitted to Judge Foley by Agent Hill did not establish probable cause, the Court should deny the Defendants' motion to suppress because Agent Hill and the other agents involved in the search acted in a "good faith" reliance on Judge Foley's determination of probable cause.

In United States v. Leon, 468 U.S. 897, 918 (1984), the United States Supreme Court addressed the issue of challenges made to search warrants, stating that the exclusionary rule should only be applied in those unusual cases when its purpose, which is to deter police misconduct, would be advanced.  Under this "good faith exception," the Court held that the exclusionary rule would not apply when an officer acted "in objectively reasonable reliance on a subsequently invalidated search warrant." Id. at 922.

---

[4]  The government would also note that defendant has failed to submit any affidavits to meet the substantial preliminary showing required under Franks v. Delaware, 438 U.S. 154 (1978), in order to challenge an affidavit in support of a search warrant.  Moreover, even if the defendant were to make such a "substantial preliminary showing," no evidentiary hearing is needed unless the affidavit is found to lack sufficient probable cause once the challenged information in the affidavit is excised.   Franks, 438 U.S. at 171-72.

The, "first notion to be remembered in considering the good faith principle is the presumption created in *Leon* that when an officer relies upon a warrant, the officer is acting in good faith." United States v. Cardall, 773 F.2d 1128, 1133 (10th Cir. 1985)(citation omitted). Because "the good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization, the reviewing court must examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presume[d] it to be valid." United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993) (citations and quotations omitted).

> In short, the question is whether the officer is acting as a reasonable officer would and should act in similar circumstances. However, when reviewing an officer's reliance upon a warrant, we must determine whether the underlying documents are *devoid* of factual support, not merely whether the facts they contain are legally sufficient. Thus, [i]t is only when [an officer's] reliance was *wholly unwarranted* that good faith is absent. Indeed, [p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations."

Id. at 1454 (citations & quotations omitted).

The good faith exception recognizes that "police officers should be entitled to rely upon the probable-cause determination of a neutral magistrate when defending an attack on their good faith for either seeking or executing a warrant, particularly where, with the benefit of hindsight and thoughtful reflection, reviewing judges still cannot agree on the sufficiency of the affidavit." McNeely, 6 F.3d at 1454 (quotations & citations omitted).

"An officer who knows or should have known, however, that a search warrant was invalid may not rely upon the good faith exception to immunize his subsequent seizure of evidence." Id. at 1455.

In the instant case, there is nothing to indicate that Agent Hill would have had any reason to believe the Affidavit was constitutionally invalid or even questionable. In light of the strong presumption in favor of search warrants, the great deference accorded to Judge Foley's finding of probable cause, and the fact that the Affidavit was not devoid of factual support for probable cause, a reasonable agent in Agent Hill's shoes would have assumed the search warrant was valid. See McNeely, 6 F.3d at 1455. The warrant and subsequent search, therefore, should be upheld.

**IV.  The Defendants Other Than Baron Lombardo Lack Standing.**

In order to challenge a search warrant, a defendant must have standing. Standing requires that the party wishing to object have a reasonable expectation of privacy in the premises to be searched. United States v. Rhiger, 315 F.3d 1283, 1285 (10th Cir. 2003). Other than Defendant Baron Lombardo, whose standing the United States does not contest, the defendants have failed to establish that they have a reasonable expectation of privacy in the residence located at 2412 Plaza Grande, Las Vegas, Nevada. Therefore, as regards the defendants other than Baron Lombardo, the motion must be denied.

## CONCLUSION

Based on the foregoing, the government moves the Court to deny defendant's motion to suppress evidence.

Respectfully submitted this 2nd day of November, 2007.

                                        BRETT L. TOLMAN
                                      United States Attorney

                                      /s/ *D. Loren Washburn*
                                      D. LOREN WASHBURN
                                      Assistant United States Attorney

                                      /s/ *Marty Woelfle*
                                      MARTY WOELFLE
                                      Trial Attorney
                                      Organized Crime & Racketeering Section