BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
#400, 185 S. State
Salt Lake City, UT 84111
Telephone: 801-524-5682
_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH,
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:07CR00286 TS |
| v. | : | **GOVERNMENT'S RESPONSE TO MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS** |
| BARON LOMBARDO et al., | : | |
| Defendants. | : | |

_____

The United States, through counsel undersigned, hereby responds to the Memorandum in Support of Motions to Suppress (Doc. #'s 74 & 77) filed by defendant Carson-Selman (Doc. #167) on April 11, 2008. The Defendant's Memorandum does not provide a legal or factual basis for suppression of evidence seized pursuant to the search warrants executed in this case. The motions to suppress should be denied.

**I.      PROCEDURAL HISTORY**

On May 10, 2007 federal law enforcement agents served a search warrant at the offices of defendants Gateway Technology and Hill Financial Services, located at 1111 Desert Lane, in Las Vegas, Nevada ("Desert Lane"). A subsequent search warrant was served on the home of defendant Baron Lombardo, located at 2412 Plaza Del Grande in Las Vegas, on May 11, 2007 ("Plaza Del Grande").

Defendant Carson-Selman filed a motion to suppress the evidence obtained at the Desert Lane location (Doc. #77) on October 19, 2007. This motion was joined by defendants Baron Lombardo (Doc. #81), Tina Hill (Doc. #85), Count Lombardo (Doc. #89) and Henry Bankey (Doc. #90).[1] The Government filed its Opposition on November 2, 2007 (Doc. #119) (herein incorporated by reference).

Defendant Baron Lombardo filed a motion to suppress the evidence obtained from his residence on October 19, 2007 (Doc. #74). This motion was joined by defendants Carson-Selman (Doc. #75), Hill (Doc. #87) and Count Lombardo (Doc. #89). The United States filed its Opposition on November 2, 2007 (Doc. #120) (herein incorporated by reference).

The Honorable Judge Ted Stewart held an evidentiary hearing on the motions to suppress on November 29, 2007. Defense counsel stated that they required more time to adequately plead their suppression motions, and the Court ordered that memoranda in support of the motions be filed by January 14, 2008. On January 14, 2008, defendant Baron Lombardo filed a motion for a <u>Franks</u> hearing (Doc. #147), which was joined by defendant Carson-Selman (Doc. #148). The Court denied the motion for a <u>Franks</u> hearing (Doc. #163, dated March 27, 2007), and directed counsel to file memoranda in support of defense motions to suppress by April 11, 2008. The Memorandum filed by the defense addresses only the search conducted at the Desert Lane location, and not the search at 2412 Plaza Del Grande.

---

[1] Defendant Bankey withdrew his joinder in the motion to suppress evidence obtained from Desert Lane during the evidentiary hearing on November 29, 2007.

## II. APPLICABLE LEGAL STANDARDS

The sufficiency of a search warrant is determined by an examination of a totality of the circumstances. United States v. Cantu, 405 F.3d 1173, 1177 (10th Cir. 2005); See also United States v. Tisdale, 248 F.3d 964, 970 (10th Cir. 2001). "A search warrant must be supported by probable cause, requiring 'more than mere suspicion, but less evidence than is necessary to convict.'" United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000) (interior citation omitted). "A 'fair probability or a substantial basis for believing evidence of a crime will be found at a certain location constitutes probable cause.'" United States v. Ross, 920 F.2d 1530, 1534, FN. 5, (10th Cir. 1990), quoting from Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). A finding of probable cause will be accorded great deference by a reviewing court. United States v. Simpson, 152 F.3d 1241, 1246 (10th Cir. 1998).

## III. THE DESERT LANE SEARCH WARRANT WAS ADEQUATELY SUPPORTED BY PROBABLE CAUSE

### A. The Government does not dispute the standing of defendants to challenge the search conduct at the Desert Lane location

The Government does not dispute the standing of the defendants (Baron Lombardo, Count Lombardo, and Tina Hill) to challenge the search warrant for the Desert Lane location. The Government did assert that defendant Henry Bankey had no such standing, but defendant Bankey withdrew from the motion at issue during the evidentiary hearing.

### B. The Affidavit supporting the Desert Lane search warrant is not conclusory, and contains sufficient facts for the determination of the existence of probable cause

The defendants claim that the Desert Lane Affidavit contains only conclusory statements, and could not provide adequate basis for a finding of probable cause to search the Desert Lane

location. However, the defendants do not state what portions or statements in the Affidavit are conclusory and unsupported. The defendants' claim is itself conclusory, and does not provide any basis for the suppression of evidence seized pursuant to the Desert Lane search warrant.[2]

### C. The Desert Lane search warrant was not based on uncorroborated allegations

The defendants claim that the Desert Lane Affidavit is "barren of any corroborated facts connecting the 1111 Desert Lane, Las Vegas, Nevada, businesses with the federal crimes alleged in the affidavit." [Memorandum, page 12.] This is absolutely untrue. The Affidavit provides extensive information regarding the operations of Gateway Technologies and Hill Financial Services. The Affidavit also contains corroboration of the Cooperating Witness account of the relocation of business offices from Draper, Utah, to Las Vegas, Nevada.

Law enforcement agents confirmed that office equipment leased to Hill Financial Services was moved from Draper to the Desert Lane office in March of 2006. Trash recovered from the Desert Lane location in October of 2006 included phone lists for Hill Financial Services and Gateway Technologies, including the personal phone numbers of most of the defendants, Korea Exchange bank reconciliations of accounts held by the defendants, Hill Financial Services and Gateway Technologies general ledger report excerpts, CurrenC Worldwide client invoices, an Antigua Overseas Bank envelope, and a cash reconciliation showing the balances of some bank accounts (both offshore and domestic) held by the defendants and/or business entities used by the defendants.

---

[2] The Government's Opposition to the original motion to suppress, Doc. #119, herein incorporated by reference, contains a detailed summary of the Desert Lane Affidavit. The Government will therefore not re-summarize the Affidavit here.

The Affidavit recounts that the defendants were seen at the Desert Lane location in March and April of 2007, along with cars registered to them or their employees.  Finally, the Affidavit describes trash recovered from the Desert Lane location on April 23, 2007: "mail addressed to Hill Financial Services, Gateway Technologies, Baron Lombardo, Tina Hill and Gary Baldwin (an employee of Gateway Technologies/Hill Financial Services).  Agents also recovered statements referring to Gateway Technologies' accounts payable, and a letter from an airline addressed to Richard Carson-Selman regarding lost or stolen baggage." [Desert Lane Affidavit, page 12.]  These facts provide the nexus between the allegedly illegal operations of the defendants, and the location to be searched.

> D. **The Desert Lane Affidavit provided information sufficient for the Magistrate Judge to determine probable cause as to the alleged offenses**

The defendants claim that the Affidavit "fails to set forth how the [defendants] alleged conduct . . . was a racketeering enterprise conspiracy, violated the Wire and Travel Acts, or constituted bank fraud or money laundering." [Memorandum, page 15.]  This is incorrect.  The Affidavit contains information sufficient for the Magistrate Judge to determine probable cause as to the alleged crimes.  Further, the defendants seek to raise the bar regarding what must be stated in support of a search warrant.  "A search warrant must be supported by probable cause, requiring 'more than mere suspicion but less evidence than is necessary to convict.'" United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000) (interior citation omitted). The level of factual detail demanded by the defendants is applicable at trial, but not in a search warrant affidavit.

### E.     The Information in the Affidavit was not Stale

The defendants claim that the Affidavit contained information that was too remote in time from the alleged crimes to provide an adequate basis for a finding of probable cause. The defendants cite to United States v. Jardine, 364 F.3d 1200 (10th Cir. 2004)[3] in support of this argument. However, the defendants ignore the final ruling in Jardine: information supporting a search warrant application that appears to be remote in time from the matter under investigation can be "refreshed" by new facts. "We find this to be a sensible approach to the problem presented by an affidavit which describes both dated and recent facts." Jardine, 364 F.3d at 1205. In the Desert Lane Affidavit, the bulk of the criminal transactions described occurred prior to end of 2005. However, the Affidavit also states that, based on contacts several of the Cooperating Witness had with the defendants, and requests for information made in the course of the litigation between the defendants and the Cooperating Witnesses, the Cooperating Witnesses believed that the defendants were continuing to facilitate illegal Internet gambling in the United States. [Desert Lane Affidavit, page 28.] This information, coupled with the observations of law enforcement agents described above, was sufficient to "refresh" the older information provided in the Affidavit.

Additionally, the Affidavit in this case describes conduct that stretched over several years, and provided information to indicate that the conduct was continuing. In such circumstances, the lapse of time between the alleged conduct and the search warrant application is less problematic. Staleness is to be determined by the facts in each case, not a mere tally of

---

[3] Vacated on other grounds, Jardine v. United States, 543 U.S. 1102, 125 S.Ct. 1024, 160 L.Ed.2d 1008 (2005). On remand, United States v. Jardine, 406 F.3d 1261 (10th Cir. 2005).

days.  See United States v. Perrine, 518 F.3d. 1196, 1205-06 (10th Cir. 2008).  An allegation of continuous criminal conduct makes the passage of time less critical.  United States v. Wright, Slip Opinion, 2007 WL 3088092, *6 (D. Utah Oct. 22, 2007).

In considering a staleness claim in another racketeering conspiracy prosecution, the Tenth Circuit Court stated:

> Although some of the phone and business records linking [the defendant] to the continuing criminal conspiracy dated back to 1984, the affidavit was not based entirely on such dated information.  More importantly, the affidavit linked [the defendant] to an ongoing conspiracy spanning a number of years.  the determination of probable cause is not merely an exercise in counting days or even months between the facts relied on and the issuance of the warrant.  Where, as here, the affidavit 'recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical.'
> Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized.'

United States v. Williams, 897 F.2d 1034, 1039 (10th Cir. 1990);  see also United States v. Snow, 919 F.2d 1458, 1459-60 (10th Cir. 1990).

The case cited by defendants, United States v. Neal, 500 F.3d 305 (10th Cir. 1974), is inapposite.  Neal dealt with a warrant to search for stolen car parts, items of some value that are generally sold or traded soon after they are acquired.  The items to be seized from the Desert Lane location consisted of corporate and personal business records.  These items would have no value to anyone but the defendants.  And, in light of the ongoing litigation between the defendants and the Cooperating Witnesses, it is unlikely that the defendants would be motivated to destroy these materials.  See, United States v. Farmer, 370 F.3d 435, 439-40 (4th Cir. 2004) ("documents including ... records of payment ... bank statements, canceled checks, check registers, [and] all payment receipts . . . are precisely the types of records that are not ordinarily

destroyed or moved about from one place to another.") There was more than adequate basis for the Magistrate Judge to find probable cause that the records sought would still be at the Desert Lane location.

> As stated by the Tenth Circuit Court:
>
> [T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit. Together with the element of time, we must consider the nature of the unlawful activity. Where the affidavit recites a mere isolated violation would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.

United States v. Johnson, 461 F.2d 285, 287 (10th Cir. 1974). Given the nature of the alleged criminal conduct and the items to be seized, the information provided in the Desert Lane Affidavit was not stale.

**IV.   THE AGENTS EXECUTED THE WARRANT IN GOOD FAITH RELIANCE ON THE MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE**

In United States v. Leon, 468 U.S. 897, 918, 104 S.Ct. 3405, 3418, 82 L.Ed.2d 677 (1984), the United States Supreme Court announced the good faith exception to challenges made to search warrants, holding that evidence seized pursuant to a warrant would not be suppressed if the executing agent acted "in objectively reasonable reliance on a subsequently invalidated search warrant." Id., 468 U.S. at 922, 104 S.Ct. at 3420. The "first notion to be remembered in considering the good faith principle is the presumption created in Leon that when an officer relies upon a warrant, the officer is acting in good faith." United States v. Cardall, 773 F.2d 1128, 1133 (10th Cir. 1985)(citation omitted).

The defendants have failed to present any evidence that the Agents did not rely in good faith on the Magistrate's determination of probable cause. The defendants have failed to overcome the presumption that the agents acted in good faith when they executed the search warrants. Therefore, even if the Court were to find that the Desert Lane Affidavit failed to state probable cause and that the warrant was deficient, under Leon, the evidence seized pursuant to that warrant may not be suppressed.

### V.    CONCLUSION

The Memorandum filed by defendants Baron and Count Lombardo, Tina Hill and Henry Bankey, does not provide any basis for suppression of the evidence obtained pursuant to the search warrant executed at 1111 Desert Lane. Therefore, the motions to suppress should be denied.

Respectfully submitted this 28th day of April, 2008.

BRETT L. TOLLMAN
United States Attorney

/s/ *D. Loren Washburn*
Assistant United States Attorney

/s/ *Marty Woelfle*
Trial Attorney
Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 28, 2008, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
1700 Bank of America Plaza
Las Vegas, NV 89101

Christopher Mathews
Lionel Sawyer & Collins
300 South Fourth
1700 Bank of America Plaza
Las Vegas, NV 89101

  /s/ *Marty Woelfle*