D. GILBERT ATHAY (0143)
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 363-7074
Lawyer for Defendant

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **MOTION TO DISMISS COUNTS 21-34 AND RACKETEERING ACTS 18, 19, 32, 33, 35 (I)(J)(K)(L)(M)(N)(O)(P)(Q)(R)** |
| Plaintiff, | : | |
| vs. | : | |
| BARON LOMBARDO, | : | Case No. 2:07CR286 |
| Defendant. | : | Honorable Ted Stewart |

_____

The defendant, Baron Lombardo, through his lawyer, D. Gilbert Athay, hereby moves this

Court to dismiss Counts 21-34 and Racketeering Acts 18, 19, 34, 33, 35,

(I)(J)(K)(L)(M)(N)(O)(P)(Q)(R), of the Indictment for the failure of the government to plead the

Specific element requirements of offense.

**I. The Indictment**

The Indictment targets a group of businesses and individuals.   It alleges violations of

Racketeering Conspiracy 18 USC 1962 (d); Bank Fraud 18 USC 1344; & 2; Aiding and Abetting the

use of Communication Facility to Transmit Betting Information; 18 USC 1956 (9), (2), (A) and 2;

Money Laundering 18 USC 1956 (A)(1)(B) And 2,  RICO Forfeiture 18 USC 1963.

Counts 21-24 and Racketeering Acts 18, 19, 32, 33, and 35 allege that defendants Baron Lombardo and Tina Hill committed Money Laundering in violation of 18 USC1956 (A)(2)(A) and 2 Counts 25-34 and Racketeering Acts 18, 19, 32, 33, & 35 allege Baron Lombardo committed Money Laundering-Concealment in Violation of 18 USC 1956 (A)(1)(B) and 2

**II.** *United States v. Santos*

The indictment was returned May 9, 2007. On June 2, 2008, the United States Supreme Court clarified that the term "proceeds," as that term is used in the federal money laundering statute, applies only to criminal profits derived from a specified unlawful activity, but not to gross receipts. *United States v. Santos*, ----U.S.—, 128 S. Ct. 2020, 2025, 170 L.Ed.2.912 (2008). The defendant in *Santos* operated an illegal lottery. He employed individuals known as "runners" to collect the gamblers' bets. Upon receipt of the bets, the runners retained a small portion as their commission and handed over the remaining money to individuals known as "collectors". The collectors would then deliver the money to the defendant. The defendant used a portion of the money to pay the collectors' salaries and pay the lottery winners. The payments to the runners, collectors, and winners were identified in that indictment as the "transactions" upon which money laundering charges were based under 18 U.S.C. 1956 (a)(1)(A)(I). The Supreme Court held that those transactions utilized gross receipts, but that there had not been evidence proving that the money was profits of the enterprise. The transactions upon which the money laundering charges were based could therefor not be considered to have involved "proceeds" of the illegal lottery's operation. The transactions involved the mere payment of the illegal operation's expenses rather than the profits from the operation.

In the present Indictment the government has identified the distribution of "proceeds" in

connection with the transactions upon which the money laundering charges are based.  However, the Indictment does not specify that any of said "proceeds" represented any profits from unlawful activity.  Nor is there any specific indication in the Indictment as to any evidence that might support a claim that profits were utilized, nor the manner or means of offering any such proof.

### III.    Motion to Dismiss

Based on the Supreme Court's opinion in *Santos*, the Defendant moves to dismiss Counts 21-34 of the Indictment on the grounds that the Indictment is fatally defective because it fails to allege an essential element of the offense.  Proof of "proceeds" is an essential element of money laundering.  *United States v. Mirabella,* 73 F. 3d 1508 (9th Cir. 1996). Since *Santos*, specific averment of profits, and notice of the proof in relation thereto, is also required for the indictment to comply with Rule 7 of the Federal Rules of Criminal Procedure.  The Government must plead with specificity regarding "proceeds," i.e. "profit," otherwise this Court cannot have confidence that the grand jury was presented with the kind of evidence which *Santos* holds is necessary to bring money laundering charges. The defendants require sufficient notice as well.  The Supreme Court has held that one of the protections an indictment is intended to guarantee is measured by "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet..." *Russell v United States*, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L.Ed2d 240 (1962) An indictment's failure to recite an essential element of the charged offense requires dismissal of the Indictment.  *United States v. Du Bo,* 186 F. 3 d 1177, 1179-80 (9th Cir. 1999)

### CONCLUSION

WHEREFORE, defendant prays this Court dismiss the Counts specified for the reason that such Counts fail to allege specific elements constituting an offense as set out in 18 U.S.C. 1956 (1)

3

(A)(i)(B)(D) and 18 U.S.C. 1956 (h)


Respectfully submitted on this 15th day of October, 2008


/s/ D. Gilbert Athay

D. Gilbert Athay
Attorney for Baron Lombardo


## CERTIFICATE OF SERVICE

I hereby certify that on October 15th, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111

/s/ D. Gilbert Athay

4