BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BARON LOMBARDO, et al.,  )<br>  )<br>Defendants.  )<br>  )<br>  ) | Case No. 2:07CR00286 CW<br><br>**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS 21-34 AND RACKETEERING ACTS 18, 19, 32, 33, 35 (I)(J)(K)(L)(M)(N)(O)(P)(Q)(R)**<br><br>Judge Clark Waddoups |

_____

On October 15, 2008, Defendant Baron Lombardo filed a motion to dismiss Counts 21-34 of the Indictment.  (Doc. 214.)  Defendants Tina Hill (Doc. 215), Count Lombardo (Doc. 216), Henry Bankey (Doc. 219, 223), and Carson-Selman (Doc. ), joined in this motion.[1]

I.       Introduction

The Defendants move the Court to dismiss Counts 21-34 of the Indictment, arguing that those Counts fail to allege an essential element of the crime of money laundering, namely that the

---

[1] Counts 21 to 24 charge only defendants Baron Lombardo and Tina Hill.  Counts 25 to 34 charge only defendant Baron Lombardo.  Therefore, the defendants other than Baron Lombardo and Tina Hill lack standing to challenge these counts of the Indictment.

money involved in the transactions constituted profits of the illegal Enterprise. The Defendants also move the Court to dismiss racketeering acts "18, 19, 32, 33, and 35" as well as acts I, J, K, L, M, N, O, P, Q, R.[2] Because the Defendants' motion misstates the allegations of the Indictment with regard to Counts 25 through 34 and attempts to impose an element not included by the statute charged in Counts 21 to 24, the Defendants' motion must be denied.

II.     Argument

    A.     <u>The Crime Charged In Counts 21 To 24 Of The Indictment Does Not Contain An Element That The Funds Involved In The Transaction Be The Proceeds Of Criminal Activity</u>.

Counts 21 to 24 of the Indictment charge violations of Title 18, United States Code, Section 1956(a)(2)(A). That statute prohibits the transportation, transmission, or transfer of, "a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . with the intent to promote the carrying on of specified unlawful activity." This section "contains no requirement that 'proceeds' first be generated by unlawful activity, followed by a financial transaction with those proceeds, for criminal liability to attach." <u>United States v. Piervinanzi</u>, 23 F.3d 670, 680 (2d Cir. 1994). "The absence of a 'proceeds' requirement in section 1956(a)(2)(A) reflects that Congress decided to prohibit any funds transfer out of [or into] the country that promotes the carrying on of certain unlawful activity." <u>United States v. Krasinski</u>, ---- F.3d ----, 2008 WL 4276589 (7th Cir. 2008) (Decided September 19, 2008).

Because 1956(a)(2)(A) has no requirement that the funds involved constitute "proceeds"

---

[2] In fact there are no "racketeering acts" numbered 18, 19, 32, 33, or 35 as the overt acts identified in the Indictment are designated by letters, not numbers. It is not clear to the United States to what the defendants are referring when they ask the Court to dismiss such numbered acts. In any event, because there is no basis to dismiss any portion of the Indictment there is no need to determine what exactly the defendants are seeking to have dismissed in their confused request.

of a crime, the Supreme Court's decision in United States v. Santos, ---- U.S. ----, 128 S. Ct. 2020 (2008), which interpreted the phrase "proceeds," to mean profits in that case does not affect Counts 21-24. Therefore, with regard to Counts 21-24, the Defendants' motion lacks any legal foundation and should be denied.

    B.    Counts 25 To 34 Of The Indictment Allege That The Funds Involved In The Money Laundering Transactions Were Profits Of The GATEWAY ENTERPRISE.

In the Defendants' motion, it is alleged that, "the Indictment does not specify that any of said 'proceeds' represented any profits from unlawful activity." (Motion at 3). It is apparent that the Defendants simply failed to read the Indictment before filing their motion. In paragraph 41 of the Indictment – the paragraph reciting the statutory allegations of the charges in Counts 25 to 34 – the Indictment alleges that, "[t]he funds involved in the transactions listed below represented the *profits* of the GATEWAY ENTERPRISE from its facilitation of illegal internet gambling and were used for the personal benefit of the defendants." (Emphasis added.). As is clear from the plain language of the Indictment, the funds involved in the transactions charged in Counts 25 to 34 are alleged as the profits of specified unlawful activity.

Therefore, the Indictment actually complies with the defendants' over-broad interpretation of the Santos decision and there is no basis to dismiss Counts 25 to 34 of the Indictment.[3]

---

[3] The Defendants' grossly misstate the holding of the Santos case when they claim that, "[o]n June 2, 2008, the United States Supreme Court clarified that the term 'proceeds,' as that term is used in the federal money laundering statute, applies only to criminal profits derived from a specified unlawful activity, but not to gross receipts." In fact the Santos holding is much more narrow. The Supreme Court's holding in that case was limited to Justice Stevens' opinion, which rested upon a narrower ground than the plurality's opinion. Marks v. United States, 430 U.S. 188, 193 (1977). The plurality itself noted that Justice Stevens' holding was limited to his "finding that 'proceeds' means 'profits' when there is no legislative history to the contrary." United States v. Santos, ---- U.S. ----, 128 S. Ct. 2020, 2031 (2008). Justice Stevens' opinion explained that, "it seems clear that Congress could have provided

III.     Conclusion

For the foregoing reasons the defendants' motion to dismiss the specified money laundering counts lacks a factual and legal basis and should be denied.

Respectfully submitted this 30th day of October, 2008.

                BRETT L. TOLMAN
                United States Attorney

                /s/ *D. Loren Washburn*
                D. LOREN WASHBURN
                Assistant United States Attorney

                /s/ *Marty Woelfle*
                MARTY WOELFLE
                Trial Attorney
                Organized Crime & Racketeering Section

---

that the term 'proceeds' shall have one meaning when referring to some specified unlawful activities and a different meaning when referring to others." Id. For example, Justice Stevens' opinion (128 S. Ct. at 2032) and Justice Alito's dissenting opinion (128 S. Ct. at 2035-2044) both discuss that in the context of drug sales "proceeds" means the gross revenues – not profits. Therefore, it is not clear that the holding in Santos would directly affect this case.

    More to the point, although the Santos case holds that in certain circumstances the phrase "proceeds" as used in the money laundering transactions means "profits," it is not clear that the Indictment would be defective if it failed to allege that the transaction involved "profits." The Santos Court merely interpreted a word, "proceeds," that is an integral part of one of the elements of the crime of money laundering as prohibited by 18 U.S.C. § 1956(a)(1)(A). The Santos decision did not introduce an additional element of the crime. "An indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense. Sufficiency is determined by practical rather than technical considerations." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (citation and quotation omitted).

# CERTIFICATE OF SERVICE

I hereby certify that on October 30th, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

D. Gilbert Athay
43 E 400 S
SALT LAKE CITY, UT 84111
(801)363-7074
Email: dgathay@msn.com

Michael Pancer
105 W F ST 4TH FL
SAN DIEGO, CA 92101-6036
(619)236-1826
Email: mpancer@hotmail.com

Fred D. Gibson, III
LIONEL SAWYER & COLLINS (LV)
1700 BANK OF AMERICA PLAZA
300 S FOURTH ST
LAS VEGAS, NV 89101
(702)383-8929
Email: pgibson@lionelsawyer.com

G. Fred Metos
10 W BROADWAY STE 650
SALT LAKE CITY, UT 84101
(801)364-6474
Email: fred@gfredmetos.com

David V. Finlayson
DAVID V FINLAYSON LLC
43 E 400 S
SALT LAKE CITY, UT 84111
(801)220-0700
Email: dvfinlayson@qwestoffice.net

Scott C. Williams
SCOTT C WILLIAMS LLC
43 E 400 S
SALT LAKE CITY, UT 84111
(801)220-0700
Email: scottwilliams1@qwestoffice.net

Vanessa M. Ramos
UTAH FEDERAL DEFENDER OFFICE
46 W BROADWAY STE 110
SALT LAKE CITY, UT 84101
(801)524-4010
Email: vanessa_ramos@fd.org

_/s/ S. Tycz_