BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | Case No. 2:07CR00286 CW |
| v. | REQUEST TO FILE SURRESPONSE AND MEMORANDUM IN OPPOSITION |
| BARON LOMBARDO, et al., | |
| Defendants. | |

_____

The United States, through counsel undersigned, requests permission to file a surresponse in the matter of the motion to dismiss the Indictment in this matter for alleged violation of the defendants' right to due process. The identical replies filed by the defendants are untimely, and should not be considered by the Court. The replies are also factually and legally insufficient, and do not provide a basis for dismissal of the Indictment.

I.  **Procedural History**

The pleadings on this issue are quite confused. A number of documents have been mis-labeled and mis-filed. The original motion to dismiss for lack of Constitutionally required notice

was filed by defendant Carson-Selman on October 16, 2008 (Doc. #230).[1]  Defendant Baron Lombardo filed a motion to join the motion to dismiss on October 15, 2008 (Doc. #208).[2]  The United States filed a response in opposition on October 30, 2008 (Doc. #234).  Defendants Baron Lombardo and Carson-Selman filed unopposed motions for an extension of time to file replies on November 17, 2008 (Doc.#s 236 & 237).  However, the captions and document references cited in these motions for additional time refer to a defense motion to dismiss money laundering charges filed by defendant Baron Lombardo on October 15, 2008 (Doc. #214).  The Court granted the erroneous motions for extension of time on November 17, 2008 (Doc. #s 238 & 239), and allowed the defendants three additional weeks to file their replies. The replies were therefore due to be filed on or by December 10, 2008.  The replies (Doc. #s 243 & 244) were filed on December 30, 2008, and are therefore untimely.

On January 2, 2009, the defendants filed identical motions for leave to file a late reply. These filings lay the blame for the twenty day delay on contract counsel Robert Waters, who was hired by counsel for defendants Baron Lombardo and Carson-Selman to draft the original motion to dismiss, and the reply.  The motion for leave to file late contains a declaration from Mr. Waters regarding his activities prior to the filing of this latest pleading.  Whether or not the problems of contract counsel constitute a reasonable basis for neglecting to file the appropriate pleadings, they do no explain why counsel of record did not file a reply themselves, or seek leave of court for a late filing in a timely manner.

---

[1] The motion to dismiss was originally filed on October 14, 2008, Doc. #195.

[2] Originally filed as Doc. #199.

> The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' Relevant factors include 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' '[F]ault in the delay remains a very important factor – perhaps the most important single – in determining whether neglect is excusable.' An additional consideration is whether the moving party's underlying claim is meritorious.'

Jennings v. Rivers, 394 F.3d 850, 856-57 (10th Cir. 2005) (internal citations omitted). The defendants have not shown that the failure to file the replies in a timely fashion was the result of excusable neglect. However, while the replies are procedurally defective, in the interests of judicial economy, the United States hereby provides its surresponse to the defense arguments contained in the replies.

**II.     The Wire Wager Act Applies to Internet Communications In Aid of a Gambling Business**

The defendants reiterate their claim that Title 18, United States Code, § 1084 (the Wire Wager Act) should not apply to Internet communications, because the Act pre-dates the advent of the Internet as it currently exists. As noted in the Government's original response, this argument ignores the plain terms of the statute. The defendants are not charged with illegal use of the Internet, but with knowingly using and causing the use of wire communication facilities to transmit gambling information in interstate and foreign commerce (Counts 16 to 19 of the Indictment). The fact that the charged communications occurred in the context of Internet computer communications is legally and factually irrelevant, as long as the communications themselves are encompassed by the prohibitions contained in the statute.

**III.     Due Process Does not Require Profession-Specific Notice of Criminality**

The defendants place a great deal of emphasis on the fact that they have not been able to find any reported case of a credit card processor being charged with violation of the Wire Wager Act. Whether or not such a prosecution has occurred is factually and legally irrelevant to this prosecution. Due process does not require that criminal statutes define offenses in this manner, nor give notice of potential criminal liability in such a fashion. As noted in the Government's original response, "a penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited ....'" United States v. Michel, 446 F.3d 1122, 1135 (10th Cir. 2006). There is no Constitutional requirement that "ordinary persons" be notified of potential criminal culpability based on occupation.

The Wire Wager Act clearly and precisely defines the communications Congress sought to prohibit. The defendants were therefore on notice that their conduct, in the context of credit card transactions, wire transfer transactions, or any other transactions, would subject them to criminal prosecution.

**IV.     The Wire Wager Act Applies to Ordinary Persons Not Directly Engaged in the Operation of a Gambling Business**

The defendants argue that aiding and abetting a Wire Wager Act violation requires that the perpetrator be "engaged in the business of betting or wagering," and that application of the Act to individuals who are not part of a gambling business is a novel judicial extension of the statute (Reply, p. 5.) This is incorrect. There is no statutory requirement that aiders and abettors of illegal gambling operations, whether land or Internet based, be themselves engaged in gambling, to incur criminal liability. United States v. Southard, 700 F.2d. 1, 20 (1st Cir. 1983) (individuals not directly engaged in gambling business could be convicted of aiding and abetting

4

violation of § 1084); United States v. Hill, 55 F.3d 1197, 1200 - 1205 (6th Cir. 1995) (aiding and abetting the operation of an illegal gambling business does not require that targets be exclusively engaged in gambling).  See also United States v. Scavo, 593 F.2d 837, 841 (8th Cir. 1979) ("... §1084(a) is not limited to persons who are exclusively engaged in the business of betting or wagering and the statute does not distinguish between persons engaged in such business on their own behalf and those engaged in the business on behalf of others."); Truchinski v. United States, 393 F.2d 627, 630 (8th Cir. 1968).

The application of the Wire Wager Act to the conduct of the defendants, who aided and abetted the operation of illegal gambling businesses, is not novel.  The "fair warning" due process requirement has therefor been met, and the Indictment is not subject to dismissal. United States v. Lanier, 520 U.S. 259, 266-67, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997); see also United States v. Welch, 327 F.3d 1081 (10th Cir. 2003).

## V.     Defendants May Not Establish an Advice of Counsel Defense Based on Legal Advice Provided to A Third Party

The defendants claim that "the Korean bank used by the defendants consulted prominent and world renown [sic] internet gambling attorneys" and "thereafter advised the defendants that their activities as credit card processors for internet gambling web sites was lawful and did not violate the Wire Act or any another [sic] federal criminal statute." (Reply, p. 9.).  Whatever legal advice the Korean bank may have received, communications between the bank and the defendants cannot, as a matter of law, establish an advice of counsel defense in this case.

> In the Tenth Circuit, to establish a good faith reliance on counsel defense, the defendant must show '(1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice.'

United States v. Wenger, 427 F.3d 840, 853 (10th Cir. 2005) (interior citation omitted). The defendants have not made any showing regarding any of these factors. Further, at trial, the evidence will show that the defendants were fully aware that Internet gambling was illegal in the United States during the time period alleged in the Indictment. Therefore, any defense based on good faith or reliance on counsel is not available in this case.

Further, if the defendants were able to present a *prima facie* affirmative defense, such a defense cannot be determined "without trial of the general issue," and is not the proper subject of a motion to dismiss. F.R.Cr.P. 12(b)(2); U.S. v. La Cock, 366 F.3d 883, 889 (10th Cir. 2004).

## VI. Conclusion

The replies filed by the defendants is untimely, and the defendants have not established that the failure to timely file was the result of excusable neglect. The Court should not consider the material presented by the defendant in their replies. Further, even if accepted by the Court, the replies do not provide additional factual or legal information sufficient to allow dismissal of the Indictment in this case. Therefore, the defendants' motion to dismiss should be denied.

BRETT L. TOLMAN
United States Attorney

/s/ *D. Loren Washburn*
D. LOREN WASHBURN
Assistant United States Attorney

/s/ *Marty Woelfle*
MARTY WOELFLE
Trial Attorney
Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 5, 2009, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
1700 Bank of America Plaza
Las Vegas, NV 89101

Christopher Mathews
Lionel Sawyer & Collins
300 South Fourth
1700 Bank of America Plaza
Las Vegas, NV 89101

          /s/   *Marty Woelfle*