D. GILBERT ATHAY (0143)
Attorney for Defendant Baron Lombardo
43 East 400 South
Salt Lake City, Utah 84111
Telephone:(801) 364-1333

MICHAEL PANCER
Lawyer for Defendant Carson-Selman
105 West "F" Street, 4thFloor
San Diego, California 92 101-6087
Telephone: (619) 236-1826

LONI F. DeLAND (0862)
Local Counsel for Defendant
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 364-1333

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | JOINT NOTICE RE AMENDED MOTION FOR DEPOSITION OF FOREIGN |
| Plaintiff, | : | WITNESS **KANG-SHIN KOH**; MEMORANDUM OF LAW; AND DECLARATION OF KANG-SHIN KOH |
| | : | |
| | : | |
| vs. | : | Case No. 2:07CR286 |
| RICHARD CARSON-SELMAN, BARON | : | |
| LOMBARDO, | : | Judge Clark Waddoups |
| | : | |
| Defendants. | | |

The defendants, Richard Carson-Selman and Baron Lombardo, through counsel hereby move

this Court pursuant to Fed. R. Crim. P. 15 for an Order authorizing the video taped deposition of

foreign defense witness KANG-SHIN KOH who will provide <u>exculpatory</u> testimony regarding Mr.

Carson-Selman's and Baron Lombardo's alleged participation in the RICO conspiracy and the

substantive offenses alleged in the indictment, including but not limited to any aiding and abetting

theories advanced by the government (which is not charged in the indictment), and who is willing to testify under Oath and be subject to cross-examination by the government but is unwilling to travel from South Korea to the United States to testify at Mr. Carson-Selman's and Baron Lombardo's trial herein.  Said motion is based on all the files, papers and pleadings in this action, the attached memorandum of law and the declaration of Mr. Kang-Shin Koh attached hereto, and such evidence and authority as may be adduced at the hearing on this motion under Fed. R. Crim. P. 15.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEPOSE FOREIGN DEFENSE WITNESS

### I.

As a Korean national, who currently lives in Korea, defense witness Kang-shin Koh is unwilling to travel to the United States and the State of Utah to testify on defendant's behalf in United States v. Richard Carson-Selman, et al, Case No. 2:07CR286.  However, he avers in his declaration that he would give testimony at a deposition in South Korea.  *See* attached Declaration of Kang-Shin Koh.  Because he will not travel to the United States for defendant Carson-Selman's and Baron Lombardo's trial, Mr. Kang-Shin Koh's deposition should be ordered pursuant to Rule 15 of the Rules of Federal Criminal Procedure in conjunction with Ms. Reveles who is the subject of the earlier motion to take a foreign deposition which is amended and incorporated by this reference.

### II.

### THE LAW

It is well settled that in a criminal case a district court trial may order that a prospective witness be deposed in exceptional circumstances when it is in the interest of justice to do so.  Rule

15 of the Federal Rules of Criminal Procedure provides:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness by taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place.

*See, e.g.*, Garcia-Martinez v. City and County of Denver (10th cir. 2004) 392 F.3d 1187; United States v. Rothbart, 653 F.2d 462, 464-65 (10th cir. 1981). An order for a deposition in a criminal case under this Rule is left to the sound discretion of the trial court. *See* People of Territory of Guam v. Ngirangas, 806 F.2d 895 (9th Cir. 1993) (that court "may" order deposition be taken indicates discretionary nature of Rule). When a deposition is requested, the relevant factors for a court to consider are the availability of the witnesses, whether a good faith effort has been made to obtain their presence at trial, whether their testimony is favorable and whether the witnesses would be available for the deposition. United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir. 1995). As recently noted by the Seventh Circuit in United States v. Knox, __ F3d. __, 2008 WL 4053031 (7th Cir. 2008):

> ...[W]e have not had the occasion to outline any "test" for when the "exceptional circumstances" threshold would be met justifying authorization of foreign depositions; therefore we take note of some factors considered relevant by other circuits. The Ninth Circuit considered whether the deponent would be available at the proposed location of the deposition, whether the deponent would be willing to testify, and the safety of United States officials in going to the foreign location. See United States v. Olafson, 203 F.3d 560, 567 (9th Cir.2000). The Eleventh Circuit focused on the materiality of the proposed testimony, the availability of the witness, whether injustice will otherwise result without the material testimony that the deposition could provide, and whether countervailing factors would make the deposition unjust to the nonmoving party. *See* Thomas, 62 F.3d at 1340-41.The D.C. Circuit listed as critical factors the materiality of the testimony and the unavailability of the witness to testify at trial and also noted that there is "typically some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant." Kelley, 36 F.3d at 1125 (citing cases from the Third, Fifth, and Ninth Circuits).

\* \* \*

> To recap, while Knox was persistent in his requests, those requests simply did not provide enough information to justify granting them. He had not contacted potential witnesses; he could not provide a proposed itinerary; he did not sufficiently address the practical or diplomatic issues inherently related to going to foreign countries for these purposes. He could not provide the government with notice of when or where such depositions might occur or even a proposal of how this might be arranged.

Here, contrary to the explicit findings of the Seventh Circuit in <u>Knox</u>, all of the factors identified by <u>Knox</u> panel from the other circuits, weigh heavily in favor of authorizing the videotaped deposition of Kang-Shin Koh in this case.

A.    **UNAVAILABILITY AND EFFORT TO OBTAIN PRESENCE**

In this case, Mr. KANG-SHIN KOH is residing in South Korea and cannot be compelled to appear at trial in the United States. *See* <u>United States v. Dragoul</u>, 1 F.3d 1546 (11th Cir. 1993) (potential deponents were unlikely to be available to testify at trial because they were foreign nationals living abroad, beyond the subpoena power of the district court.) The defense has contacted Mr. Kang-Shin Koh and while he wishes to be cooperative, he is not inclined to leave South Korea and travel the 5,882 miles (by air) to Salt Lake City, Utah in the United States to testify in Mr. Carson-Selman and Baron Lombardo's criminal case before this Court. Although Mr.Kang-Shin Koh is a Korean national and not subject to the subpoena power of this Court, he nevertheless states in his declaration that he would be willing to testify at a deposition in South Korea. Based on the averments set forth in her declaration, Mr. Kang-Shin Koh's proffer of testimony at such a deposition would, *inter alia*, exonerate and refute the material allegations against the defendants that the defendants Carson-Selman and Baron Lombardo knowingly engaged in a scheme to defraud credit card companies, used banks including LG bank, to transfer proceeds obtained from these fraudulent internet transactions into and out of accounts controlled by the defendants; and that they were part of a RICO conspiracy that purposely mis-classified credit card transactions to hide the fact

that the internet transactions were intended for gambling, including the commission of the substantive offenses. Thus, the defendants have made more than a sufficient showing that the foreign deposition of Kang-Shin Koh in conjunction with Ms. Reveles is clearly warranted in this case and is in the interests of justice to do so.

A conclusive showing of unavailability is not required in order to grant a deposition request. United States v. Sines, 761 F.2d 1434, 1439 (9th Cir. 1985). Further, the defendants affirmatively asserts that the absence of Mr. KANG-SHIN KOH'S testimony will undoubtedly deny the defendants of their Fifth Amendment due process right to a fair trial and their Sixth Amendment right to present a meaningful defense. *See* Chambers v. Mississippi, 410 U.S. 284, 294, 302 (1973); Washington v. Texas, 388 U.S. 14, 18-19, 23 (1967); Depetris v. Kuykendall, 239 F.3d 1057, 1062 (9th Cir. 2001) *overruled on other grounds* by Payton v. Woodford, 299 F.3d 815, 829 n. 11 (9th Cir.2002) (en banc)("The Supreme Court has made clear that the erroneous exclusion of critical, corroborative defense evidence may violate both the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense.")

**B.    NATURE OF TESTIMONY**

Mr. Kang-Shin Koh was an eyewitness to critical events in the indictment and his testimony would rebut the government's theory of the case against the defendants, including any aiding and abetting theory advanced by the government although not specifically charged in the indictment. Mr. Kang-Shin Koh will provide credible exculpatory testimony which will demonstrate that the defendants did not mislead LG bank with respect to CurrenC's business operations and transactions but specifically informed LG bank and its representatives of the nature of the gambling businesses that CurrenC was processing the credit cards for and that he assured them that it was legitimate transactions under the laws of the United States and it would not further any illegal activity based

on his legal research, legal advice and due diligence as a LG Credit card company officer/manager. Moreover, should the defendants choose to exercise their right to testify at trial, Mr. Kang-Shin Koh's testimony will corroborate their testimony that they had fully informed LG bank and its representatives of the nature and purpose of the credit card transactions in the internet gambling business that CurrenC was engaged in and that the defendants did **not** believe that they were furthering or aiding and abetting any illegal activity under the laws of the United States of America! *See* attached Declaration of Kang-Shin Koh:

### C. WILLINGNESS TO BE DEPOSED

Mr. Kang-Shin Koh avers in his declaration that he is willing to appear at a deposition in South Korea. He understands that he would be questioned by both parties and that the testimony will be under oath and it would be videotaped.

### CONCLUSION

Since the failure to Order the requested foreign deposition is likely to result in the absence at trial of testimony crucial to the defense of defendants Carson-Selman and Baron Lombardo, under the extraordinary circumstances presented by this case, it is in the interest of justice under Fed. R. Crim. P. Rule 15, and in conjunction with the defendants' fundamental constitutional rights to a fair trial and to present a defense, this Court should order a video taped deposition of KANG-SHIN KOH be conducted in South Korea, at a time and date determined by the Court and the parties.

Respectfully submitted,

DATED: February 10, 2009.

/s/ D. Gilbert Athay
D. GILBERT ATHAY
Lawyer for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111


/s/ Heather M. Stokes