BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:07CR00286 CW |
| Plaintiff, ) | |
| ) | MEMORANDUM IN OPPOSITION TO |
| v. ) | DEFENDANTS' MOTION FOR DEPOSITION |
| ) | OF FOREIGN WITNESS KANG-SHIN KOH |
| BARON LOMBARDO, et al., ) | |
| ) | |
| Defendants. | |

_____

The United States of America, through counsel undersigned, hereby responds to defendants' amended motion for deposition of foreign witness Kang-Shin Koh (Doc. # 253, filed on February 10, 2009). Defendant Richard Carson-Selman filed an earlier motion to depose Chihyon Reveles (Doc. # 196, filed October 14, 2008), and the United States responded in opposition on October 29, 2008 (Doc. # 233). It is not clear whether the defendants intend to depose Mr. Koh in addition to Ms. Reveles, or in place of Ms. Reveles. If the former, the descriptions of the proffered testimony are virtually identical, and the testimony would be excluded as cumulative under F.R.E. 403. In any case, the defendants have failed to establish that Mr. Koh's or Ms Reveles' testimony would be exculpatory as to them, or relevant to the matter before the Court. Therefore, their motion should be denied.

I.    <u>The Superseding Indictment in this Case Does not Alleged that the Defendants Mislead or Made Misrepresentations to LG Card, or to any Employee of LG Card</u>

As pointed out in the Government's response to the motion to depose Ms. Reveles,[1] the Superseding Indictment does not charge the defendants with misleading or attempting to mislead LG Card. The allegations in the racketeering conspiracy charge (Count 1) state that the defendants disguised gambling based transactions as non-gambling transactions, and sought to conceal the operations of the Enterprise from credit card companies, banks and wire transfer services (¶ 4). Count 1 alleges that the defendants used banks (including LG Card) in the U.S. and other countries to conduct credit card transactions, and to transfer proceeds to various recipients, including themselves (¶ 18).

Count 1 alleges that the Enterprise engaged in the purposeful mis-classification of credit card transactions to fool banks into processing Internet gambling charges (¶ 25(a)), used the facilities of banks and financial institutions to transfer gambling funds and proceeds to various recipients (¶ 26). Count 1 alleges that the defendants mis-classified card transactions in order to fool Visa and MasterCard, and paid an employee of LG Card an amount based on a percentage of the funds processed in order to ensure the services provided by the bank continued (¶ 28).

The bank fraud scheme is described and alleged in Counts 2 through 15 of the Superseding Indictment. The defrauded institutions are all U.S. domestic banks and credit unions. LG Card is not mentioned, nor is it mentioned anywhere else in the Superseding Indictment. Therefore, whether or not LG Card was complicit in the misrepresentations made by the defendants is not relevant. It is not LG Card that the defendants are charged with defrauding.

---

[1] Incorporated herein by reference. The Superseding Indictment, returned on February 19, 2009, alleges the same violations as the original Indictment.

The defendants are charged with defrauding the institutions named in Counts 2 through 15. Mr. Koh's testimony regarding the defendants relationship with LG Card is not exculpatory to the defendants, and their motion for a Rule 15 deposition should be denied.

II.    <u>Mr. Koh's Testimony Cannot Provide the Defendants With a Good Faith Defense</u>

The defendants claim that Mr. Koh's testimony would establish that the defendants believed that Internet gambling was legal in the United States, and that "the defendants did **not** believe that they were furthering or aiding and abetting any illegal activity under the laws of the United States of America!" Motion, page 6. This proffered defense is faulty in that the defendants' belief regarding the legality or illegality of Internet gambling is not relevant to the alleged bank fraud scheme.

The bank fraud alleged in this case is based on the mis-representation of gambling transactions as non-gambling transactions. It is not relevant to the fraud that the form of gambling was itself also illegal. The bank fraud statute does not require that a defendant's conduct be, in and of itself, illegal. The statute requires only that the defendant's conduct deceive the bank. "Banks are in the business of assuming risks. Section 1344(1) of the bank fraud statute, however, prohibits individuals from exposing a bank to a risk of loss that the bank did not knowingly assume." <u>United States v. Ventura</u>, 17 F.Supp.2d. 1204, 1208 (D. Kan. 1998).

In <u>United States v. Hollis</u>, 971 F.2d 1441, 1452 (10th Cir. 1992), the defendant claimed that he was not guilty of bank fraud because he had the ability to repay fraudulently obtained loans. The Court ruled that:

> "[a] person violates the bank fraud statute when he knowingly executes a scheme to obtain money from a financial institution by means of false or fraudulent representations. Certainly, if a defendant never intended to provide false information, or if the misrepresentations were immaterial, then the defendant has

>a valid defense. However, if a defendant knowingly provided materially false information in order to induce the loan, the crime is complete, and it is irrelevant whether or not he intended to repay it or was capable of repaying it."

In the instant case, it is irrelevant whether the funds the defendants obtained were the result of legal gambling, or illegal gambling. What matters is that the defendants told the banks that the source of the funds was something other than gambling. These statements induced the banks to release the funds, which they would not have done had the transactions been accurately represented.

In a similar case, the 10th Circuit found that a defendant's good faith belief regarding underlying matters were irrelevant to a finding that the defendant acted with the intent to defraud. In <u>United States v. Haddock</u>, 12 F.3d 950, 956 (10th Cir. 1993), the defendant used previously encumbered loan portfolios as collateral for third party financing, a practice that was not allowed by the bank. The defendant claimed that he had a legitimate good faith belief that the practice was legal, and that his counsel was incompetent in not presenting testimony to demonstrate his good faith belief. The Court pointed out:

>[the conviction] relied not on [the defendant's] use of [a loan] package as collateral, but on his fraudulent inducement of [the bank] to enter the agreement by promising exclusive purchase rights without disclosing that the loans were already pledged to [another bank] as collateral. [The proffered] testimony might have convinced a jury that [the defendant] believed it was legal to use the portfolio as collateral, but not that it was legal to induce [the bank] into a deal for exclusive purchase rights while concealing [the other bank's] existing interest in the loans. [The proffered] testimony could not have changed the outcome of [a separate bank fraud conviction] because that count was based not on the use of the untransferred loans as collateral, but on [the defendant's] promise that [the bank] would receive all of the [portfolio] loans while [the defendant] only transferred twelve of twenty-nine loans.

The Court found that, while the proffered testimony might have established the defendant's good faith belief as to the legality of using the loan portfolio, it could not rebut the misrepresentation

regarding the portfolio made to induce the bank to make the loan.  Therefore, the testimony was not relevant, and failure to present it in defense was not incompetence.

Mr. Koh's proffered testimony, even if accepted as absolutely correct, could not provide the defendants with a good faith defense to the bank fraud charges in the Superseding Indictment, whether substantive, or as a predicate in the racketeering conspiracy.  Whatever the defendants belief regarding the legality of Internet gambling, they misrepresented gambling transactions as non-gambling transactions to U.S. banks to induce those banks to release money under their custody and control.  The legality or illegality of the conduct that generated the funds is not relevant.  It is the representation, or, in this case, the misrepresentation to the banks that constitutes the basis for the bank fraud allegations.

Further, even if the defendants were offering the testimony of employees of the victim banks, it would not be relevant to the bank fraud charges.

> 'It is the financial institution itself - not its officers or agents - that is the victim of the fraud 18 U.S.C. § 1344 proscribes. . . . It follows that bank customers who collude with bank officers to defraud banks may also be held criminally accountable either as principals or as aiders and abettors.'

United States v. Waldroop, 431 F.3d 736, 742 (10th Cir. 2005);  see also United States v. Gallant, 537 F.3d 1202, 1224 (10th Cir. 2008) (bank officer knowledge that credit card accounts were being manipulated did not obviate bank fraud).

III.    Proffered Testimony is Not Admissible at Trial

Even if the testimony of Mr. Koh proffered by the defendants were relevant, it could not be admitted at trial, because it constitutes hearsay.  The testimony proposed by the defendants necessarily includes Mr. Koh's account of statements made to him by others, including the defendants themselves.  These statements are hearsay, and may not be admitted absent an

5

applicable exception. The statements may not be admitted pursuant to Rule 801(d)(2), as that rule requires that the statement be offered by an opponent. <u>Vincent v. Young</u>, 324 F.2d 266, 269 (10th Cir. 1963) ("Prior statements of a party . . . are generally admissible as primary evidence against the party making them."); <u>See</u> also <u>Stalbosky v. Belew</u>, 205 F.3d 890, 894 (6th Cir. 2000) ("Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against the party."). By proffering this testimony, either from Ms Reveles or Mr. Koh, the defendants seek to present hearsay evidence that is not admissible under the Rules of Evidence. The Court should not sanction this attempt to circumvent the hearsay rule.

IV. <u>The Defendants may not Establish Good Faith Based on Legal Advice Provided to a Third Party and Communicated to the Defendants</u>

The defendants state that Mr. Koh will testify that he assured the defendants that processing credit card transactions for Internet gambling web sites was not prohibited, "based on his legal research, legal advice and due diligence as a LG Credit card company officer/manager." Motion, p. 6. The defendants seek to offer this testimony to show that an authoritative legal source assured them that their conduct was legal. However, the defendants have not laid the required foundation for presentation of an advice of counsel defense.

> In the Tenth Circuit, to establish a good faith reliance on counsel defense, the defendant must show '(1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice.'

<u>United States v. Wenger</u>, 427 F.3d 840, 853 (10th Cir. 2005) (interior citation omitted). The defendants may not claim good faith compliance with legal advice without meeting the requirements of that defense. Therefore, the testimony of Mr. Koh would not be admissible at trial.

6

V. Conclusion

The defendants claim that their belief regarding the legality of Internet gambling transactions should be applied to allow them to lawfully misrepresent gambling transactions as non-gambling transactions to U.S. banks. In fact, the legal status of Internet gambling, and the defendants' understanding of that status, is not relevant to the question of fraudulent misrepresentations. The defendants did not label their transactions as resulting from legal gambling, as opposed to illegal gambling. The defendants labeled their transactions as totally unrelated to gambling, period. Whatever the merits of arguments regarding the legal status of Internet gambling, the belief the defendants claim would not operate to make them unaware of or innocent of misrepresentation to the issuing banks listed in the Superseding Indictment. Therefore, the proffered testimony is not relevant to the charges alleged, and the motion for Rule 15 deposition should be denied.

Further, the testimony that the defendants seek to elicit in the proposed deposition constitutes hearsay, and could not be admitted at trial. The defendants are attempting to present evidence of statements that were allegedly made by themselves or others, without subjecting those statements to cross examination. That is precisely what the hearsay rule was designed to prevent.

Finally, the defendants may not present a good faith defense unless they establish the factual and legal components of that defense. Simply stating that, "So-and-So told me it was alright for me to do this," cannot be the basis for a good faith defense, no matter how authoritative "So-and-So" may be. For these reasons, the defendants have failed to make the showing required under Rule 15, and the motion to depose a foreign witness should be denied.

Respectfully submitted this 19th day of February, 2009.

                                              BRETT L. TOLMAN
                                            United States Attorney

                                            /s/ *D. Loren Washburn*
                                            D. LOREN WASHBURN
                                            Assistant United States Attorney

                                            /s/ *Marty Woelfle*
                                            MARTY WOELFLE
                                            Trial Attorney
                                                  Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 19, 2009, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

Jeremy M. Delicino
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Loni F. Deland
43 East 400 South
Salt Lake City, UT 84111

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
1700 Bank of America Plaza
Las Vegas, NV 89101

Christopher Mathews
Lionel Sawyer & Collins
300 South Fourth
1700 Bank of America Plaza
Las Vegas, NV 89101

          /s/  *Marty Woelfle*