D. GILBERT ATHAY (0143)
Attorney for Defendant Baron Lombardo
43 East 400 South
Salt Lake City, Utah 84111
Telephone:(801) 364-1333

MICHAEL PANCER
Lawyer for Defendant Carson-Selman
105 West "F" Street, 4thFloor
San Diego, California 92 101-6087
Telephone: (619) 236-1826

LONI F. DeLAND (0862)
Local Counsel for Defendant
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 364-1333

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | JOINT REPLY TO GOVERNMENT OPPOSITION TO DEFENSE MOTION FOR DEPOSITION OF FOREIGN WITNESS KANG-SHIN KOH; |
| Plaintiff, | : | MEMORANDUM OF LAW |
| | : | |
| vs. | : | Case No. 2:07CR286 |
| RICHARD CARSON-SELMAN, BARON LOMBARDO, | : | Judge Clark Waddoups |
| | : | |
| Defendants. | | |

The defendants, Richard Carson-Selman and Baron Lombardo, through counsel have moved

this Court pursuant to Fed. R. Crim. P. 15 for an Order authorizing the video taped deposition of

foreign defense witness KANG-SHIN KOH who will provide <u>exculpatory</u> testimony regarding Mr.

Carson-Selman's and Baron Lombardo's alleged participation in the RICO conspiracy and the

substantive offenses alleged in the indictment, including but not limited to any aiding and abetting

theories advanced by the government (which is not charged in the indictment), and who is willing to testify under Oath and be subject to cross-examination by the government but is unwilling to travel from South Korea to the United States to testify at Mr. Carson-Selman's and Baron Lombardo's trial herein. Defendants also move that Mr. Kang-Shin Koh's deposition should be ordered pursuant to Rule 15 of the Rules of Federal Criminal Procedure "in conjunction with Ms. Reveles" who was the subject of an earlier motion to take a foreign deposition. See motion pages 2 and 4.

Defendants also note that as a Korean national, who is currently residing in Korea, defense witness Kang-Shin Koh is unwilling to travel to the United States and the State of Utah to testify on defendant's behalf in United States v. Richard Carson-Selman, et al, Case No. 2:07CR286. However, he avers in his declaration that he would give testimony at a deposition in South Korea. *See* attached Declaration of Kang-Shin Koh. Based on the averments set forth in his declaration, Mr. Kang-Shin Koh's proffer of his testimony at such a deposition would, *inter alia*, exonerate and refute the material allegations against defendants Carson-Selman and Baron Lombardo that they knowingly engaged in a scheme to defraud credit card companies, used banks including LG bank, to transfer proceeds obtained from these fraudulent internet transactions into and out of accounts controlled by the defendants; and that they were part of a RICO conspiracy that purposely mis-classified credit card transactions to hide the fact that the internet transactions were intended for gambling, including the commission of the substantive offenses.

Mr. Kang-Shin Koh was an eyewitness to critical events in the indictment and his testimony would rebut the government's theory of the case against the defendants, including any aiding and abetting theory advanced by the government although not specifically charged in the indictment. Mr. Kang-Shin Koh would provide credible exculpatory testimony which will demonstrate that the

2

defendants did not mislead LG bank, *inter alia*, with respect to CurrenC's business operations and transactions but specifically informed LG bank and its representatives of the nature of the gambling businesses that CurrenC was processing the credit cards for and that he assured them that it was legitimate transactions under the laws of the United States and it would not further any illegal activity based on his legal research, legal advice and due diligence as a LG Credit card company officer/manager. Moreover, should the defendants choose to exercise their right to testify at trial, Mr. Kang-Shin Koh's testimony would corroborate their testimony that they had fully informed LG bank and its representatives of the nature and purpose of the credit card transactions in the internet gambling business that CurrenC was engaged in and that the defendants had a good faith belief that they were not furthering or aiding and abetting any illegal activity under the laws of the United States of America. *See* Declaration of Kang-Shin Koh.

The government opposition to defendant's motion to depose foreign witness Kang Shin Koh both clarifies and obfuscate the issues in this case. First, the government states that it is unclear whether the defendants intend to depose Mr. Koh in addition to Ms. Reveles, or in place of Ms. Reveles. The defendant assumed that the term "in conjunction with" used in the motion would have laid that matter to rest. Motion pages 2, 4. The use of the phrase "in conjunction with" normally indicates that an individual wishes to do both. In fact, e.g., the use of the word "and" is described in a sentence as a conjunction which also usually indicates both predicates requested are involved.

Second, the government states that the gravaman of the offense is not misleading or attempting to mislead LG bank but that the defendant disguised gambling transactions as non-gambling transactions, and sought to conceal the operations of the enterprise from the credit card companies, banks and wire transfer services. The defendant allegedly used banks (including LG card)

in the U.S. and other countries in the credit card transactions, and transfered proceeds to various recipients, including themselves. *See* Government Opposition pages 2-3.

The government, therefore, concludes that the testimony of Mr. Koh is not exculpatory and the defense motion for a rule 15 deposition should be denied. The government is clearly wrong. The proffered testimony of Mr. Koh and Ms. Reveles is patently exculpatory. Both independently establish that the defendants dealt with LG bank at arms length and fully informed LG bank of the nature of the gambling transactions. LG bank chose to code the transactions in a manner in which they did. The defendants did not engage in the coding or mis-coding of the transactions, they merely performed the service of a gateway, checking the initial facts with respect to the request for credit by the credit card holder. LG bank, operating as an independent entity, assigned the coding numbers to the transaction and forwarded the coding numbers to the various banks named in the indictment. The coding numbers used by LG bank were common in the industry at the time, and are still used by credit card processors to cover a variety of internet transactions.

Aiding and abetting is a specific intent crime in the Tenth Circuit. Consequently, the testimony of Mr. Koh and the Ms. Reveles is exculpatory in that it negates any specific intent by the defendant to defraud the banks named in the indictment. The defendants fully disclosed their operations to LG bank, who operate as an independent third-party, and the defendants were not involved in the alleged fraudulent coding or mis-coding of the credit card transactions by LG bank.

The government further concedes in its opposition that the legality or illegality of the gambling operations is not at issue in this case. *See* government Opposition pages 3-4. The defendants could not agree more that it is not relevant in that the defendants have consistently claimed that the funding of offshore gambling transactions by credit card transactions were and are legal until arguably November of 2006. Here, the distinct and independent testimony of Mr. Koh

and Ms. Reveles established that the defendants did not engage in any type of bank fraud, did not possess the specific intent to aid and abet bank fraud and have a good faith defense with their belief they were not engaging or furthering any type of illegal activity.[1]

---

[1] Conspiracy, bank fraud and aiding and abetting are all specific intent crimes. With respect to specific intent for aiding and abetting, the Tenth Circuit in *United States v. Jackson*, 213 F.3d 1269, 1292 & n.12 (10th Cir.) (collecting cases from various circuits), vacated on other grounds, 531 U.S. 1033 (2000) stated:

> To be guilty of aiding and abetting the commission of a crime, the defendant must willfully associate himself with the criminal venture and seek to make the venture succeed through some action of his own." *United States v. Anderson,* 189 F.3d 1201, 1207 (10th Cir.1999). *See also United States v. Smith,* 133 F.3d 737, 742 (10th Cir.1997) ("To be liable as an aider and abettor under 18 U.S.C. § 2, the evidence must establish a defendant associated himself with a criminal venture; participated in the venture as something he wished to bring about; sought by his actions to make the venture succeed; and the evidence must establish both the commission of the offense by someone and the aiding and abetting by the defendant."), *cert. denied,* 524 U.S. 920 (1998). Thus, the crime of aiding and abetting is a specific intent crime because it requires the defendant to act willfully by participating in the venture and also requires the defendant to have the specific intent to make the venture succeed through his or her acts.
>
> Other circuits consider aiding and abetting to be a specific intent crime. *See, e.g. United States v. Garth,* 188 F.3d 99, 113 (3d Cir.1999) ("Thus, liability for aiding and abetting someone else in the commission of a crime requires the specific intent of facilitating the crime."); *United States v. Wilson,* 160 F.3d 732, 738 (D.C.Cir.1998) ("Aiding and abetting requires the government to prove: (1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge (3) that the other was committing an offense; and (4) assisting or participating in the commission of the offense." (Quotation marks and citations omitted.)), *cert. denied,* 528 U.S. 828, 120 S.Ct. 81, 145 L.Ed.2d 69 (1999); *United States v. Pipola,* 83 F.3d 556, 562 (2d Cir.) (stating that under 18 U.S.C. § 2(a), "[t]he government must ... prove the underlying crime was committed by someone other than the defendant and that the defendant himself either acted or failed to act with the specific intent of advancing the commission of the underlying crime. To show specific intent the prosecution must prove the defendant knew of the proposed crime-suspicion that it might occur is not enough-and had an interest in furthering it." (Citations omitted.)), *cert. denied,* 519 U.S. 869, 117 S.Ct. 183, 136 L.Ed.2d 122 (1996); *United States v. Head,* 927 F.2d 1361, 1373 (6th Cir.) ("We also agree that it must be shown that appellant acted or failed to act with the specific intent to facilitate the commission of a crime by another."), *cert. denied,* 502 U.S. 846, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991).

---

*United States v. Jackson*, *supra*, fn.12.

With respect to conspiracy, the *Jackson* Court stated at 1293:

> All conspiracy crimes are specific intent crimes. *See Blair,* 54 F.3d at 642. "The specific intent required for the crime of conspiracy is in fact the intent to advance or further the unlawful object of the conspiracy." *Id.* (quotation marks and citations omitted).

Later, the Court in *United States v. Rahseparian*, 231 F.3d 1267, 1271 (10th Cir. 2000) noted:

> [C]onspiracy, mail fraud, and money laundering are specific intent crimes. *See United States v. Boyd,* 149 F.3d 1062, 1067 (10th Cir.1998) (money laundering requires specific intent to launder proceeds from a known unlawful activity); *United States v. Smith,* 133 F.3d 737, 742 (10th Cir.1997) (mail fraud requires specific intent to defraud); *United States v. Blair,* 54 F.3d 639, 642 (10th Cir.1995) (conspiracy requires specific intent to further the unlawful activity which is the object of the conspiracy).

Further, it is well settled that bank fraud is a specific intent crime. *United States v. Hollis*, 971 F.2d 1441, 1450 (10th Cir. 1992).

In *United States v. Overholt,* 307 F.3d 1231, 1247 (10th Cir.2002), the Tenth Circuit **explained with respect to the good faith defense and specific intent crimes**:

> A defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction, and when there is sufficient evidence to support it." *United States v. Janusz,* 135 F.3d 1319, 1322 (10th Cir.1998). We have held that when those conditions are met, **a good faith instruction is required, even if an instruction on willfulness has been given**. *United States v. Hopkins,* 744 F.2d 716, 718 (10th Cir.1984) (en banc). On this issue we are an outlier. *See United States v. Sirang,* 70 F.3d 588, 594 (11th Cir.1995) (comparing the 1st, 4th, 5th, 8th, and 11th Circuits, which do not require a good faith instruction for specific intent crimes, with the 10th Circuit, which does). [Emphasis added.]

In *Overholt*, the Tenth Circuit found that the defendant relied on testimony of several witnesses to support his good faith claim but that established only the witnesses' opinion regarding the law and not the defendant's. Since there was no evidence that the defendant personally believed that the unlawful injection of chemical waste into the Oklahoma disposal wells was actually lawful, he failed to satisfy the final element of the *Janus* test and the district court was not required to give a mistake-of-law/good-faith-defense instruction. *Id*. at 1247.

**CONCLUSION**

Since the failure to Order the requested foreign deposition is likely to result in the absence at trial of testimony crucial to the defense of defendants Carson-Selman and Baron Lombardo, under the extraordinary circumstances presented by this case, it is in the interest of justice under Fed. R. Crim. P. Rule 15, and in conjunction with the defendants' fundamental constitutional rights to a fair trial and to present a defense, this Court should order a video taped deposition of Mr. Koh and Ms. Reveles be conducted in South Korea, at a time and date determined by the Court and the parties.

Respectfully submitted,

DATED: February 27, 2009           /s/ D. Gilbert Athay
                                   D. GILBERT ATHAY
                                   Lawyer for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Loren Washburn
Assistant United States Attorney 185
South State Street, Suite 400 Salt
Lake City, Utah 84111

/s/ Heather M. Stokes