SCOTT C. WILLIAMS (6687)
HEATHER HARRIS (11186)
Attorneys for Defendant
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 363-7074

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | MOTION TO EXCLUDE ALLEGED |
| Plaintiff, | : | CO-CONSPIRATOR STATEMENTS |
| vs. | : | |
| TINA HILL, | : | Case No. 2:07CR286 |
| Defendant. | : | Honorable Clark Waddoups |

_____

The Defendant, Tina Hill, through her attorneys, Scott C. Williams and Heather Harris, hereby moves this Court for an order excluding from trial any statements offered by the government as co-conspirator statements in relation to the notice by the government of intent to seek admission of such statements pursuant to Federal Rule of Evidence 801(d)(2)(E). This Court has previously considered preliminary matters regarding the existence of a conspiracy. However, issues as to specificity of precise statements that the government would seek to admit at trial have remained pending. Despite court order, the government has never identified a specific subset of particular statements nor provided this court with the statements for consideration of the remaining factors under *James*. This Court previously warned that failure to provide the specific statements in a form that could be considered would result in a ruling precluding use of such statements by the government at trial.

In a hearing styled as a "*James*" hearing, before this court on April 14, 2008, the issue of the admissibility of alleged co-conspirator statements came on for consideration. (Relevant portions of the transcript of the proceeding are attached hereto as Exhibit A.) This Court reluctantly agreed to bifurcate the consideration of the issue first as to the existence of a conspiracy and secondly as to whether specific statements met the other *James* factors, such as whether the statements were made by a co-conspirator in the course of and in furtherance of the conspiracy. The cause for the bifurcation was the fact that the court agreed with defense counsel that the government's proffer as to the statements was lacking in content, accessibility, and specificity. This fact was raised at the hearing by counsel for Ms. Hill. Exhibit A at 94-95, lines 22-3. This Court agreed that the initial proffer provided by the government was deficient. *Id.* at 95, lines 4-10. This Court noted that the government had admitted that only a subset of the originally proffered statements would be offered for admission at trial, and ordered that the government identify that subset with specificity. *Id.* at 95-96, lines 22 -3. This Court also ordered the government to provide the Court with the specific statements so that this Court could conduct the required analysis of each statement under *James*. *Id.* at 96, lines 5 - 8. This Court concluded the matter by warning that, if the government failed in any regard to comply with the orders, defense counsel should bring it to the attention of this Court "and [the government] will not be allowed to use [the statements] at trial . . . ." *Id.* at 96, lines 17 - 19.

The date ultimately ordered for compliance with the *James* notification issues was February 10, 2009. On February 8, 2009 the government provided to counsel a computer disk labeled "U.S. v. Lombardo Coconspirator Statements, Feb. 8, 2009." That disc contains a 300 page document which is in the form of an index referencing what appears to be approximately

4,000 documents of multiple page lengths, referenced by a scramble of bates numbers.  (A representative example page is attached hereto as Exhibit B.  A full printed copy of the document will be made available to this Court at the March 10, 2009 hearing.)  The index then provides a cursory putative "description" of the referenced document.  The specific statements are not provided in the index.  No indication is made as to whether any subset of the referenced material is what the government will seek to admit at trial.  There is no indication as to whether a copy of the disc, a printed index, and/or any of the actual documents or their contents has been provided to this Court for consideration in light of the *James* issues.

      The present proffer by the government provides no meaningful improvement over the proffer found to be insufficient nearly one year ago by this Court.  Far from providing notice of what subset of materials the government will actually seek to admit at trial, the present proffer appears to involve *more* material.  The present proffer provides no more notice or guidance to the defendants as to which materials to be prepared to confront and examine in relation to the *James* factors.  The present proffer provides no ability whatsoever for this Court to consider the *James* factors in relation to particularized statements.  This Court and the defendants are presently in no better position to consider and litigate the remaining *James* issues than a year ago.

      Based upon the foregoing, and especially in light of this Court's warning and ruling on April 14, 2008, this Court should enter an order excluding from admission into evidence at trial any statements offered by the government as admissible pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

      Respectfully submitted   March 6th, 2009.

/s/ Scott C. Williams
SCOTT C. WILLIAMS
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111


/s/ Scott C. Williams