D. GILBERT ATHAY (0143)
ATTORNEY FOR DEFENDANT
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 364-1333
Facsimile: (801) 364-3232

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | DEFENDANT BARON LOMBARDO'S RESPONSE TO GOVERNMENT'S |
| Plaintiff, | : | SUBMISSION IN SUPPORT OF CO-CONSPIRATOR STATEMENTS |
| v. | : | |
| BARON LOMBARDO, | : | Case No. 2:07CR286 |
| Defendant. | : | Judge Clark Waddoups |

_____

Baron Lombardo by and through his lawyer, D. Gilbert Athay, herewith responds to the Government's Submission in Support of Co-Conspirator Statements as follows:

1.  The government once again is asking this court to modify and reverse the decision of this court heretofore made in this case. Judge Ted Stewart, in a hearing styled as a "James" hearing before this court on April 14, 2008, ordered the government to provide the court and counsel with the specific statements the government intended to offer as part of the conspiracy in this case so that the court could conduct the required analysis of the admissibility of each statement as required by *United States v. James*, 576 F.2d 1121 (5th Cir. 1979) and the long list of cases establishing *James* hearing requirements by the 10th Circuit Court of Appeals as

well as the established rules of this district.

This court, on March 10, 2009, reaffirmed the ruling of Judge Stewart and ordered the government to provide a sample of the type of evidence they could produce in compliance with *James* hearing requirements.

The government continually ignores the order of this court and the law of the case that requires their compliance with *James* and the various decisions of the 10th Circuit regarding that issue. They cite *United States v. Roberts*, 14 f.3d 502, 514 (10th Cir. 1994) and argue the language "whether the Court . . . provisionally admits co-conspirator statements subject to their being connected up . . . remains within the discretion of the trial court . . . ." The trial court in this case has exercised its discretion and has repeatedly told the government that they will be required to supply, with specificity, the statements of alleged co-conspirators in advance of trial so that the court can conduct the appropriate *James* analysis and determine the admissibility of these statements.

The law of the case has been established and the government should be precluded from continually raising this issue.

2. The governments proffer made in Exhibits A, B, C, D, and E are appropriate and appear to comply with the requirement of *James*. The government should be required to produce these types of summaries with respect to all alleged statements of co-conspirators they will seek to offer at trial so that this court can conduct the proper James analysis.

    Respectfully Submitted this 14th day of May, 2009.

                                              /s/ D. Gilbert Athay
                                              D. Gilbert Athay
                                              Attorney for Baron Lombardo

## CERTIFICATE OF SERVICE

    I hereby certify that on May 14, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111

                                              /s/ Heather M. Stokes