BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
LISA PAGE, Trial Attorney (OH #80820)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>BARON LOMBARDO, et al.,<br><br>           Defendants. | Case No. 2:07CR00286 CW<br><br>REPLY TO DEFENDANT BARON LOMBARDO'S RESPONSE TO THE GOVERNMENT'S SUBMISSION IN SUPPORT OF THE ADMISSION OF CO-CONSPIRATOR STATEMENTS |

_____

The United States, through counsel undersigned, hereby responds to defendant Baron Lombardo's response to the Government's submission in support of the admission of co-conspirator statements at trial (Doc. #307, filed March 24, 2009).[1] The defendant's response is untimely, in direct violation of the Court's Order issued on April 20, 2009 (Doc. #322), and should not be considered by the Court.  In addition, the defendant mis-characterizes the law of the case, and the Government's position regarding the admission of co-conspirator statements in

---

[1] Defendant Hill filed two separate but identical motions to join in Defendant Baron Lombardo's response (Doc. #'s 333 & 334, filed May 14, 2009).  Defendant Carson-Selman filed a motion to join in Defendant Baron Lombardo's response on May 14, 2009 as well (Doc. #332).

this matter. The defendant has not claimed that he is prejudiced by the procedure proposed by the Government, nor indicted how the procedure fails to meet the standard for admission of co-conspirator statements established in this Circuit. Therefore, the motion to exclude co-conspirator statements should be denied.

I. PROCEDURAL HISTORY

The original Indictment in this case was returned on May 9, 2007.[2] The Government filed its initial James proffer on October 5, 2007 (Doc. #70). An additional identification of co-conspirator statements (by bates number only) was filed on February 29, 2008 (Doc. #160). The first James hearing was held on April 14, 2008. At the close of the hearing, Judge Stewart ordered the United States to produce to defense counsel a listing of each statement that the Government intends to present at trial pursuant to F.R.E. 801(d)(2)(E), either as a stand-alone exhibit, or as part of a summary [Transcript, pp. 95 - 96]. The Judge set the date of March 10, 2009, for a second James hearing.

The Government filed a Hearing Memorandum on May 19, 2008 (Doc. #177). Defendant Francisco Lombardo filed his Memorandum on June 17, 2008 (Doc. #180), as did defendant Kimberlie Lombardo (Doc. #181). Defendant Baron Lombardo filed his Memorandum on June 20, 2008 (Doc. #187). The Government filed a response to Kimberlie and Francisco Lombardo's memos on July 7, 2008 (Doc. #190), and a separate response to defendant Baron Lombardo on that same date (Doc. #191).

---

[2] A First Superseding Indictment was returned on February 19, 2009. There were no substantive changes to the charges.

On February 8, 2009, pursuant to the order from Judge Stewart, the United States provided defense counsel with an index, identifying each statement that the Government states is admissible as that of a co-conspirator.

On March 6, 2009, defendant Tina Hill filed a motion to exclude the co-conspirator statements listed by the Government, claiming that the United States had not complied with Judge Stewart's Order.[3] The motion states that "the government has never identified a specific subset of particular statements nor provided this court with the statements for consideration of the remaining factors under James" [Motion, p.1]. The Government did not file a written response to the motion to dismiss, given the proximity of the hearing date. It is the Government's position that the materials provided to the defense, and the findings made by the Court, support the preliminary admission of the statements at issue, subject to the presentation of foundation at trial regarding how each statement was in furtherance of the conspiracy.[4]

On March 24, 2009, the Government filed its final submission regarding the proposed procedure for the admission of co-conspirator statements in this case. The Court ordered the defendants' to file their response by May 1, 2009, and the Government to file a reply no later than May 13, 2009. The defendant filed his untimely response fourteen days late, without requesting the Court's leave to file out of time, or indicating that his failure to timely file is the result of excusable neglect. The Court has directed that this matter be addressed at the status conference scheduled for May 18, 2009.

---

[3] This motion was joined by defendants Baron Lombardo (Doc. #281), Richard Carson-Selman (Doc. #282), Count Lombardo (Doc. #283), Henry Bankey (Doc. #284) and Kimberlie Lombardo (doc. #290).

[4] The Government submissions described above are herein incorporated by reference.

II.     LAW OF THE CASE

Judge Ted Stewart made his initial ruling on July 23, 2008 (Doc. #192).

A.    Findings of Fact

(1)  Defendants Baron Lombardo, Richard Carson-Selman and Henry Bankey co-founded CurrenC [p. 2];

(2)  CurrenC was in the business of providing card based payment processing services to Internet gambling web sites [p.2];

(3)  CurrenC used Hill Financial Services and Gateway Technologies to provide payment processing services to Internet gambling web sites [p.2];

(4)  CurrenC sought to establish relationships with foreign banks that would process gambling transactions without using the identifying code [p.3];

(5)  CurrenC also facilitated gambling payments via Western Union [p.4];

(6)  Defendants Kimberlie and Francisco Lombardo monitored the Western Union transactions, and did other jobs for CurrenC [p.5];

(7)  Defendant Hill Financial Services provided accounting services for CurrenC [p. 5];

(8) Defendant Tina Hill directed Hill Financial Services, and arranged for funds to be wired to defendant Baron Lombardo's Trust account. Defendant Hill communicated with banks and gambling web site clients on behalf of CurrenC [pp. 5 - 6];

(9)  Defendants Baron Lombardo, Richard Carson-Selman and Henry Bankey received a distribution of $6 million in early 2005. Defendant Lombardo received $3 million and defendants Bankey and Carson-Selman received $1.5 million each [p.6];

(10)  Defendant Baron Lombardo was the managing director of CurrenC, exerting significant control over the business enterprise [p. 6];

(11)  Defendant Richard Carson-Selman was also a director of CurrenC, with primary responsibility for developing banking and client relationships, specifically the relationship with LG Card. [p. 6]; and

(12)  Defendant Henry Bankey was responsible for overseeing the day-to-day operations of CurrenC [p.6].

B.     Conclusions of Law

Rule 801(d)(2)(E) requires a finding, by a preponderance of the evidence, that (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in furtherance of the conspiracy [p. 7].

To prove the existence of a conspiracy, the Government was required to show (1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the co-conspirators were interdependent [p.7].

Judge Stewart made the following legal findings regarding the Government's proffer:

(1) Agreement - the Court found that the Government had established an agreement to violate the law [p. 9];

(2) Knowledge - the Court found that each of the defendants had knowledge of CurrenC's objectives, to process illegal online gambling transactions by hiding the nature of the transactions, thereby inducing intermediaries to engage in the processing, or disburse funds [pp. 10 - 11];

(3) Participation - the Court found that each of the defendants knowingly and voluntarily participated in the conspiracy [p. 11];

(4) Interdependence - the Count found that the co-conspirators were interdependent [p. 14]; and

(5) Conspiracy - the Court found a conspiracy existed, and that the defendants were members of that conspiracy [p. 15].

III.     THE GOVERNMENT IS IN COMPLIANCE WITH THE ORDERS OF THIS COURT AND THE REQUIREMENTS FOR THE ADMISSION OF CO-CONSPIRATOR STATEMENTS IN THIS CIRCUIT

The defendants claim that the Government has failed to supply the Court and counsel with the specific statements that it intends to submit at trial pursuant to F.R.E. 801(d)(2)(E). This is incorrect. The Government has, in compliance with the Orders of this Court, provided the defense with all of the co-conspirator statements that it intends to present at trial, as well as a listing of those statements, by bates number or other locator. The Government has supplied defense counsel and the Court with an index, listing the declarant, the date, and, in most cases, a description of the statement.

The Government has also provided the Court and counsel with samples of the summary exhibits it is preparing, to present the voluminous documents generated during the operation of the Enterprise that comprise the bulk of the co-conspirator statements in this case. The Government has, therefore, provided the defendants with ample basis for any objection regarding the admission of any of the statements identified by the Government as admissible pursuant to F.R.E. 801(d)(2)(E).

IV.   THE DEFENDANTS HAVE NOT CLAIMED OR DEMONSTRATED PREJUDICE

In all of their pleadings on the issue of co-conspirator statements, the defendants have never, in any fashion, identified a single statement proffered by the Government that is inadmissible under the Rule. The defendants have instead claimed that the holdings of the Tenth Circuit Court of Appeals require this Court to examine each and every one of the 3,000 to 5,000 co-conspirator statements identified by the Government, and rule, individually, on each statement in advance of trial. This is not the law in this Circuit, as amply demonstrated by the cases cited in the Government's final James submission.

Neither have the defendants claimed that they will be prejudiced by the conditional admission of the co-conspirator statements identified by the Government. As stated in the Government submissions on this issue, the vast majority of the statements proffered are the business records of the Enterprise. These statements cannot surprise the defendants, as they are statements made by the defendants themselves. They are not, as is more usual in these situations, the statements of non-parties of which the defendants might not even be aware, as those captured by a wiretap. Therefore, the likelihood of the prejudice that the James Court sought to prevent is vanishingly small in this case.

V.   THE GOVERNMENT WILL PROVIDE THE COURT AND DEFENSE
     COUNSEL WITH EXHIBITS SUMMARIZING ENTERPRISE BUSINESS
     RECORDS IN ADVANCE OF TRIAL

In an inconsistent final paragraph, the defendants state that the Exhibits tendered by the Government in its last submission "are appropriate and appear to comply with the requirement of *James*." (Response, page 2.) The defendants then state that the Government should be required to do what it has offered to do, namely, provide the defense and the Court with those Exhibits 90

days prior to trial.  This final statement from defendants makes it unclear whether they are in fact objecting to the procedure proposed by Government on this matter.

The procedure proposed by the Government gives the defense ample time to bring to the Court's attention any individual statement that the defendants will object to at trial.  The Court can then rule on the defense objections once the trial has commenced, and the Government has had the opportunity to present the final evidentiary foundation for the admission of these statements.  Using this process, the defendants will be fully protected from any prejudice, and the Court's time will not be squandered in a tedious review of thousands of pages of the Enterprise's business records.

VI.   CONCLUSION

If the Court is inclined to accept the defendants' argument on the requirement for individual review of all co-conspirator statements in this case prior to trial, the Government will, of course, produce each individual statement for the Court's consideration.  However, it is the position of the Government that such an undertaking would be an enormous waste of the Court's time, and would, in fact, provide the defendants with no more protection than the procedure proposed by the Government.  Nor is such a review required by the law in the Tenth Circuit, or the particular facts of this case.

Given that the defendants response to the Government's final submission on the issue of the admission of co-conspirator statements was untimely, that the defendants have not claimed any prejudice will result from the procedure proposed by the Government, nor have they identified a single statement proffered by the Government to be inadmissible under the Rule, the defendants' motion to preclude the introduction of co-conspirator statements should be denied.

>BRETT L. TOLMAN
>United States Attorney
>
>/s/ *D. Loren Washburn*
>D. LOREN WASHBURN
>Assistant United States Attorney
>
>/s/ *Marty Woelfle*
>MARTY WOELFLE
>
>*/s/ Lisa Page*
>Trial Attorneys
>Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 15, 2009, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

Jeremy M. Delicino
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Loni F. Deland
43 East 400 South
Salt Lake City, UT 84111

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
1700 Bank of America Plaza
Las Vegas, NV 89101

Christopher Mathews
Lionel Sawyer & Collins
300 South Fourth
1700 Bank of America Plaza
Las Vegas, NV 89101

/s/ *Marty Woelfle*