IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BARON LOMBARDO,<br><br>Defendant. | Case No. 2:07CR286<br><br>ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge Clark Waddoups |

Based upon the motion of the defendant, and finding good cause, the court enters an order continuing this matter with a status conference date of September 8, 2009 and excluding the intervening time from calculation under the speedy trial act as described more fully herein.

The defendants first appeared before a judicial officer in the District of Utah on May 30, 2007. Since the initial appearance, the periods during which motions have not been pending before this court are: May 30, 2007 to June 21, 2007; June 25, 2007 to July 5, 2007; and July 11, 2007 to July 20, 2007. The Motion for a <u>James</u> hearing has been pending continuously since August 6, 2007. During this time the Court has held multiple hearings and ordered numerous rounds of briefing on the <u>James</u> issues presented by this case. The total time since the initial appearance of the defendants in this District during which motions have not been pending before this court is 41 days.

On February 10, 2009, Defendant Richard Carson-Selman filed a motion seeking to depose a foreign witness. In furtherance of that request, on April 3, 2009, Defendant Carson-Selman filed a motion seeking to have the Court sign Letters Rogatory for the deposition of these foreign witnesses. The Letters Rogatory have not yet been signed by the Magistrate Judge.

On March 3, 2005, Defendant Richard Carson-Selman filed a motion to continue the trial in this matter.

The Court held a status conference on Monday, May 18th. During that hearing the parties acknowledged that due to the need to obtain the depositions of foreign witnesses and the general complexity of this case, the matter could not be tried as previously scheduled. Defense counsel present indicated that their clients would waive their Speedy Trial rights in order to complete their preparations for trial.

Based on the foregoing, the Court hereby orders that the trial be continued to an unspecified date in the future and orders that the intervening time be excluded from calculation under the Speedy Trial Act as follows:

The Court finds that the ends of justice will be served by granting this continuance and that the continuance is in the best interest of the defendants and the public. Specifically, the Court finds that the complexity of this case requires a continuance to allow the parties to complete necessary preparations for trial. Therefore, the time from now until the status conference on September 8, 2009 is hereby excluded under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(8).

Further, the Court finds that the period from the date of the signing of the Letters Rogatory to the date of the delivery of transcripts from the deposition of the foreign witnesses will be excluded pursuant to Title 18, United States Code, Section 3161(h)(9).

DATED: May 20, 2009.

_____
Honorable Clark Waddoups
United States District Court