D. GILBERT ATHAY (0143)
Attorney for Defendant Baron Lombardo
43 East 400 South
Salt Lake City, Utah 84111
Telephone:(801) 364-1333

MICHAEL PANCER
Lawyer for Defendant Carson-Selman
105 West "F" Street, 4thFloor
San Diego, California 92101-6087
Telephone: (619) 236-1826

LONI F. DeLAND (0862)
Local Counsel for Defendant
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 364-1333

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, GOVERNMENT | : | DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO PROPOSED RULE 15 DEPOSITIONS and MOTION FOR RECONSIDERATION OF RULE 15 ORDER; |
| Plaintiff, | : | MEMORANDUM OF LAW |
| vs. | : | Case No. 2:07CR286 |
| RICHARD CARSON-SELMAN, BARON LOMBARDO, | : : | Judge Clark Waddoups |
| Defendants. | : | |

Richard Carson-Selman and Baron Lombardo, through counsel, hereby reply to the

government's opposition to the Rule 15 depositions proposed by the defendants and its request that

this Court reconsider its Order authorizing the defendants' deposition of two witnesses in South

Korea. First, the motion for reconsideration is untimely and does not offer any new evidence or

argument regarding the proffered testimony of defense witnesses Kang-Shin Koh and Chihyon

Reveles that was not available to the government at the time the Magistrate Judge granted the defense Rule 15 motion. See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000) (a motion for reconsideration is an "inappropriate vehicle[ ]to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"); see also *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir1991).[1] Second, the methodology of the government submitting written questions for the purpose of cross-examination under South Korean law has been sanctioned by well reasoned and persuasive case-law under Rule 15. Third, the government's objections are premature.

> As stated by the court in *United States v. Salim*, 855 F.2d 944, 951-952 (2nd Cir. 1988):
>
> Although the parties and the district court originally expected that the Rouhani deposition would be conducted in the conventional American manner, the French authorities forced it to be converted largely into what Judge Weinstein properly characterized as "a deposition based on written questions," such as would be permitted in a civil case pursuant to Fed.R.Civ.P. 31. While we recognize the difficulties of conducting cross-examination by written questions, it is clear that Civil Rule 31(a) does contemplate the submission of both direct and cross-examination questions in writing, since it provides time limits for the submission of such questions. Because the questions were presented to Rouhani in accordance with one of the methods permitted for use in a civil action, the attorneys' inability to pose the questions to the witness orally did not contravene Rule 15(d). See *United States v. Trout*, 633 F.Supp. 150 (N.D.Cal.1985) (permitting deposition on written questions under Fed.R.Crim.P. 15); see also 2 C. Wright, supra, § 243, at 18-19.
>
> Nor was it a violation of the rule for the examination to be conducted by the French magistrate. It is evident that it is not always possible to take a deposition in a foreign country in the manner that we might prefer, or even that we might require for a deposition taken domestically. Yet, that does not mean that depositions taken according to foreign law are inferior to those taken under United States law....
>
> Since the civil rules governing the manner of taking depositions have been adopted

---

[1] Defendants Carson-Selman and Baron Lombardo incorporate by reference their prior pleadings with respect to taking the depositions of the defense witnesses in South Korea and their proffered exculpatory testimony.

> for use in criminal cases, we do not consider it fatal that the questioning was performed by a foreign judicial officer at the behest of and using questions submitted by the American attorneys. As noted, examination by a foreign judicial officer was specifically anticipated by the Advisory Committee on Civil Rule 28....The deposition was taken in accordance with French law; the French judicial system, while different from our own, is neither less impartial nor less interested in obtaining accurate testimony from witnesses. We therefore find, under the circumstances of this case, that the deposition did not contravene Rule 15. See *Hilton v. Guyot*, 159 U.S. 113, 205, 16 S.Ct. 139, 159, 40 L.Ed. 95 (1895) (examination of witnesses pursuant to French law insufficient basis to refuse to recognize foreign judgment).

The Court in *Salim* also noted at 952:

> As was demonstrated in this case, the parties and the court may not always know beforehand just what type of examination a foreign nation may permit the attorneys to conduct. The district court therefore may prefer to consider these problems after the deposition has been taken, when it can examine the transcript and the actual circumstances under which the deposition was conducted. See *United States v. Mann*, 590 F.2d 361, 366 (1st Cir.1978).

In addition, the Second Circuit in *Salim*, rejected the argument that the resulting testimony would not be admissible at trial, as claimed by the government in its Opposition, pursuant to Fed.R.Evid. 804(b)(1):

> We are also satisfied that the deposition was taken "in compliance with law," as required by Rule 804(b)(1). The "law" to which this provision refers is the law governing the taking of depositions: in this case, Fed.R.Crim.P. 15, and by incorporation, Fed.R.Civ.P. 28 and 31. Rule 28, as noted earlier, was specifically designed to permit depositions to be taken in the manner provided by the law of the foreign country in which the deposition is conducted, see Fed.R.Civ.P. 28 advisory committee note (1963) ("courts of other countries may be expected to follow their customary procedure for taking testimony"), and the drafters evidently contemplated the particular type of deposition that occurred in this case, see *id*. Thus, a deposition taken abroad pursuant to foreign law, but in conformity with Rule 28, would appear to be taken "in compliance with law" for purposes of the former testimony exception to the rule against hearsay, Fed.R.Evid. 804(b)(1).
>
> * * *
>
> Rule 804(b)(1) also requires as a prerequisite to admitting former testimony that the party against whom the testimony is offered have had the opportunity to examine or

cross-examine the declarant at the time the out-of-court statement was made. We reject Salim's assertion that his attorney did not have an adequate opportunity to cross-examine Rouhani at her deposition because he could not view the witness' demeanor and could not develop a spontaneous line of inquiry. Although defense counsel's task was undoubtedly made more difficult by the need to submit questions in writing, the cross-examination was not thereby rendered ineffective.

In *United States v. Trout*, cited with approval by the Second Circuit in *Salim*, the district court held that the two 10th circuit cases, relied upon by the government in this case, were clearly inapposite as the government was not a party to the depositions therein:

> The government cites two recent 10th Circuit cases in support of its argument that the government's inability to conduct conventional cross-examination justifies exclusion of certain deposition testimony. These cases are plainly inapposite since they involve instances where a criminal defendant was not allowed to introduce deposition testimony from earlier civil proceedings where the United States' inability to conduct the cross-examination of the witnesses was due to the fact that it was not even a party to the earlier proceedings. *United States v. Kapnison*, 743 F.2d 1450, 1458-59 (10th Cir.1984); *United States v. Harenberg*, 732 F.2d 1507, 1516 (10th Cir.1984). In this case, unlike the case of a defendant attempting to introduce deposition testimony from other proceedings in which the government was not a party, the government does have an opportunity to conduct cross-examination by submitting its own questions to follow those of the defendant.

The Court in *Trout* at 152-153 stated that the use of written questions by the government did not deny the government of the ability to effectively cross-examine witnesses as alleged by the government in this case:

> The government implicitly argues that a procedure whereby the government must submit its cross-examination in advance of receiving the answers to a direct examination does not constitute a true cross-examination. Given the unique circumstances of this case, however, the government has failed to demonstrate why a less robust cross-examination (i.e., one that must be planned in advance) is sufficiently prejudicial to the government to justify excluding evidence that is critical to one of the defendants and which would otherwise be admissible....
>
> In addition, to the extent that Fed.R.Crim.P. 15(d) adopts the procedures utilized for taking civil depositions, it is significant that the procedure specified in Fed.R.Civ.P. 31 governing depositions upon written questions appears to contemplate the drafting of cross-examination questions by an opposing party prior to the time when, in many

instances, a written response would have been received. Fed.R.Civ.P. 31(a) ("Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties.").

*United States v. Figueroa*, 298 F. Supp, 1215, 1216 (D.C.N.Y. 1969), also cited by the government, misses the mark as it concerns the taking of a deposition by written interrogatories in which the proposed deponent was a co-defendant who fled to Cuba to escape prosecution and there was no showing he would agree to testify:

> Rule 15(a) authorizes depositions when 'it appears that a prospective witness may be unable to attend or prevented from attending a trial * * *.' Such is not the case with respect to Cruz; he has willfully absented himself. Moreover, there is no showing that he is willing to testify. And even if it were shown that he has consented to be deposed, it is evident, in the light of the charges against him and other defendants, that no meaningful examination can be conducted by direct and cross-interrogatories. This particularly so, since he is a codefendant, an American citizen, who has not only been a fugitive from justice, but is sheltered in a country with which we have no diplomatic relations, and thus is afforded protection against sanctions that may be sought for perjurious testimony. In addition, the government could not prepare cross-interrogatories without disclosure in advance of the movant's trial of the substance of its case. [Footnotes omitted.]

Finally, *Oscar Gruss and Son v. Lumbermens Mut. Cas. Co.*, 41 F.R.D. 279 (S.D.N.Y. 1966), is a plainly distinguishable civil case in which the district court denied defendant's motion for issuance of letters rogatory to take depositions of residents of Switzerland, who had been employees of plaintiff, and against whom plaintiff had initiated criminal charges in Switzerland, on ground that plaintiff would face substantial disadvantage in attempting to cross-examine such witnesses, in light of their hostility and self-interest, by written interrogatories rather than oral depositions which were not allowed under the law of Switzerland.

The district court reasoned that the demeanor of the hostile witnesses was paramount and written interrogatories would be insufficient. Here, criminal actions have not been brought in South Korea against the defense witnesses and the two witnesses, one of whom was an interpreter, are not

alleged to be co-defendants in this case. The weight of authorities clearly supports written questions of the defense witness by a judge under the law of South Korea. At a minimum, the Court should "consider these problems after the deposition has been taken, when it can examine the transcript and the actual circumstances under which the deposition was conducted" as the Second Circuit suggested in *Salim*, *supra*.

## **CONCLUSION**

As stated herein and in defendants prior pleadings, the failure to order the foreign depositions would likely result in the absence at trial of testimony crucial to the defense of defendants Carson-Selman and Baron Lombardo, under the extraordinary circumstances presented by this case, it is in the interest of justice under Fed. R. Crim. P. Rule 15 and the defendants' fundamental constitutional rights to a fair trial and to present a defense that this Court should not rescind its Order and the deposition of Mr. Koh and Ms. Reveles should be conducted in South Korea under its law.

Respectfully submitted,

DATED: August 12, 2009        /s/   D. Gilbert Athay
                              D. GILBERT ATHAY Lawyer
                              for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Loren Washburn
Assistant United States Attorney 185
South State Street, Suite 400 Salt
Lake City, Utah 84111


/s/ Heather M. Stokes