BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
LISA PAGE, Trial Attorney (OH #80820)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682

─────────────────────────────────────────────────────────

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

─────────────────────────────────────────────────────────

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:07CR00286 CW |
| Plaintiff, | ) | |
| | ) | REPLY TO DEFENDANTS' OPPOSITION TO |
| v. | ) | THE GOVERNMENT'S MOTION FOR |
| | ) | RE-CONSIDERATION OF ORDER |
| BARON LOMBARDO, et al., | ) | AUTHORIZING RULE 15 DEPOSITIONS |
| | ) | |
| Defendants. | ) | |

─────────────────────────────────────────────────────────

    The United States, through counsel undersigned, hereby replies to Baron Lombardo's and

Carson-Selman's opposition to the Government's motion for re-consideration of the Court's

grant of authority to conduct depositions in Korea (Doc. #'s 387 & 388).[1]   The Government's

motion for re-consideration is not untimely, nor is it simply a mechanism for re-raising

previously adjudicated matters.  Given the procedure defense counsel have proposed for these

depositions, the United States is obligated to inform the Court of its objections, and the bases for

those objections.  The United States addresses each of the points in the defense response below.

─────────────────

    [1] The defendants styled their identical pleadings as a reply.

I.       THE MOTION FOR RE-CONSIDERATION WAS NOT UNTIMELY

        The defendants state that the Government's "motion for re-consideration is untimely and does not offer any new evidence or argument regarding the proffered testimony of defense witnesses . . . that was not available to the government at the time the Magistrate Judge granted the defense Rule 15 motion." (Defense Memorandum, pp. 1-2.)  This is incorrect, as the United States was not informed of the deposition procedure until July 17, 2009.  The United States initially responded by proposing an alternative venue for the depositions in a letter to defense counsel dated July 30, 2009.  The United States filed its motion for re-consideration after defense counsel responded that he believed that the witnesses would not be willing to travel to a venue outside of Korea.  Given the sequence of events, the Government's motion for re-consideration was not untimely.

II.      SIMULTANEOUSLY SUBMITTED QUESTIONS ARE INADEQUATE TO
         PROVIDE MEANINGFUL CROSS-EXAMINATION IN THIS CASE

        Defense counsel state that use of written cross-examination questions is sanctioned under Rule 15, and cite to United States v. Salim, 855 F.2d 944 (2nd Cir. 1988) as authority for this statement.  Whether Rule 15 sanctions the use of written questions in this situation is a question to be determined by the Court, but Salim  cannot be authoritative on that point.  In Salim, defense counsel was present at the venue where the deposition was taken, and had the opportunity to read the witness's direct testimony prior to formulating his cross.  Therefore, the case cannot be construed as authority for a deposition procedure where the Government and defense counsel submit questions simultaneously.

        In United States v. Trout, 633 F.Supp. 150, 152 (N.D. Cal. 1985), also relied upon by the defendants as authoritative, the Court pointed out that "[the defendant's] counsel has already

indicated the likely responses of the witness," providing a basis for the formulation of cross-examination. Defense counsel have made no such representations in this case. Nor would such representations be useful, as the cross-examination of the defense witnesses must be based, at least in part, on the witness's responses to numerous documents generated during the formation and operation of the racketeering Enterprise. Precisely which documents, and the number of documents, must be conditioned by the witness's answers during direct examination.

Defense counsel distinguish other cases disallowing depositions involving written cross-examination by stating that the deposition witnesses "are not alleged to be co-defendants in this case." (Memorandum, pp. 6-7). While strictly true, this statement does not address the status of the witnesses as unindicted co-conspirators. The issue is not whether the witnesses have been formally charged, but whether they have some motive not to be truthful during testimony. In this case, the primary witness was an employee of LG Card, which lost a significant amount of money because of its association with the Enterprise. It is not clear whether Mr. Koh is still an employee of LG Card, or whether he faces some sanctions in Korea as a result of his actions. The Government is not able to explore the motives of the witnesses prior to the proposed depositions, as the United States may not contact the witnesses directly.

III.    THE PROCEDURE ADVOCATED BY THE DEFENSE DOES NOT ALLOW THE JURY TO DETERMINE THE CREDIBILITY OF THE WITNESSES OR EVALUATE THE WEIGHT TO BE GIVEN TO THEIR TESTIMONY

The Tenth Circuit Pattern Criminal Jury Instructions provide that the judge is to instruct the jury that they "are the sole judges of the credibility or 'believability' of each witness and the weight to be given to the witness's testimony."[2] The Instruction cites to United States v. Arias-

---

[2] Pattern Criminal Jury Instruction 1.08 (2006).

Santos, 39 F.3d 1070, 1074 (10th Cir. 1994), which states that "'[c]ross examination is the

principal means by which the believability of a witness and the truth of his testimony are tested."

Further;

> A trial jury is best situated to consider all of the facts and circumstances
> applicable to the credibility or believability of witnesses.  The jury can observe
> the demeanor of the witness, take into account all of the factors which might bear
> upon whether or not the testimony of a particular witness is worthy of belief.

United States v. Bedonie, 913 F.2d 782, 799 (10th Cir. 1990).

The defendants have stated that the proffered testimony is "crucial to the defense of

defendant Carson-Selman" (Motion, Doc. #196, filed Oct. 14, 2008), that the proffered

testimony will "exonerate and refute the material allegations against defendants Carson-Selman

and Baron Lombardo" (Reply, Doc. #264, Feb. 27, 2009),  and finally, that the testimony "would

rebut the government's theory of the case against the defendants, including any aiding and

abetting theory" (Reply, Doc. #264).  Given the nature of the proffered testimony, it is absolutely

crucial that the finder of fact have the opportunity to evaluate the credibility of the witnesses and

their testimony.  The proposed procedure will deprive the jury of any meaningful

opportunity to evaluate the credibility of these witnesses by eliminating any meaningful

cross examination and by precluding the jury from observing the demeanor of the relevant

witnesses.

## IV.     AVAILABILITY OF AN ALTERNATE FORUM

As noted by the Government in its motion for re-consideration, the depositions of the

defense witnesses could be accomplished in the Philippines, in a manner that would provide all

parties the ability to conduct direct and cross-examination in a manner very similar to that which

would occur were the witnesses present during trial.  Further, depositions conducted in the Philippines could be digitally recorded, allowing the jury to see the witnesses and their reactions to questions and to documents presented to them during cross-examination.

Counsel for defendant Carson-Selman stated to the Government that he did not believe that the witnesses would travel to the Philippines (some 1,600 miles).  However, the defense has not indicated that the witnesses were actually questioned regarding their willingness to travel. Given the differences between the venues, it would seem practical to at least determine whether the witnesses are willing to go to the Philippines.

V.    THE DESCRIPTION OF THE PROCEDURE IS INADEQUATE

The defendants have been informed that the deposition procedure outlined in the Letters Rogatory to the government of Korea will not be allowed.  However, the defendants have not informed the Court how the deposition by interrogatory will proceed.  Will the witnesses be put under oath?  Will they be subject to criminal prosecution for making false statements?  Will the witnesses be consulting with defense counsel prior to answering the questions, or at any point during the process?  Can the deponents be instructed to examine documents, and respond to questions regarding those documents?  Assuming that documents are to be examined, who is to bear the cost of translation?  Can documents be presented in English, and translated in the course of the deposition?  How many rounds of questions and answers are contemplated?  Without this type of information, it is nearly impossible for the Government to participate in this process.

//

//

//

5

VI.    <u>CONCLUSION</u>

The defendants have proffered testimony that they claim will exonerate them.  They have not provided the United States or the Court with any support for this claim, other than the declarations of the witnesses, and their arguments.  Given the nature of the proffered testimony, it is the position of the United States that the simultaneous submission of direct and cross-examination questions will not meet the requirements of Rule 15, or F.R.E. 801(d)(1).  Further, it will preclude the jury from determining the credibility of the witnesses, and the weight to be accorded to their testimony.  Therefore, the Government moves the Court to re-consider its grant of authority to conduct the depositions in Korea, pursuant to Korean law.

Respectfully submitted this 17th day of August, 2009.

BRETT L. TOLMAN
United States Attorney

*/s/ D. Loren Washburn*
D. LOREN WASHBURN
Assistant United States Attorney

*/s/ Marty Woelfle*
MARTY WOELFLE

*/s/ Lisa Page*
LISA PAGE
Trial Attorneys
Organized Crime & Racketeering Section

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 17th, 2009, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay
43 East 400 South, Suite 325
Salt Lake City, UT 84111-2767

David V. Finlayson
David V. Finlayson, LLC
43 East 400 South
Salt Lake City, UT 84111

Scott C. Williams
Scott C. Williams LLC
43 East 400 South
Salt Lake City, UT 84111

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll, LLP
One Utah Center - Suite 600
201 South Main Street
Salt Lake City, UT 84111-2221

Jeremy M. Delicino
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Loni F. Deland
43 East 400 South
Salt Lake City, UT 84111

G. Fred Metos
McCaughey & Metos
10 West Broadway, Ste. 650
Salt Lake City, UT 84101

Vanessa M. Ramos
Utah Federal Defenders
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101

Michael Pancer
4th Floor
105 West F Street
San Diego, CA 92101-6036

Fred D. "Pete" Gibson III
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
1700 Bank of America Plaza
Las Vegas, NV 89101

Christopher Mathews
Lionel Sawyer & Collins
300 South Fourth
1700 Bank of America Plaza
Las Vegas, NV 89101

/s/    *Marty Woelfle*