BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
LISA PAGE, Trial Attorney (OH #80820)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | Case No. 2:07CR00286 CW |
| v. | |
| BARON LOMBARDO, et al., | MOTION REGARDING COSTS OF COPYING |
| Defendants. | |

_____

At a hearing on May 18, 2009, the Court heard argument on the Defendant's James Motion.  During this hearing, the Court ordered the United States to prepare a rolling production of summaries of statements that the United States intended to offer pursuant to Federal Rule of Evidence 801(d)(2)(E).  The United States stated its intent not to provide additional copies of the summarized documents, which will be in the thousands and which have already been provided to the defendants as part of the ordinary disclosure in this case, but rather to identify the summarized documents by bates number.  The Court did not accept this procedure and instead ordered the United States to provide the summarized documents together with the summary

exhibits. Moreover, although the defendants did not request hard copies of the summaries together with the underlying documents, the Court, sua sponte, ordered the United States to provide hard copies of all of the summarized documents to each defendant.

On August 28, 2009, the United States provided the first set of summary exhibits to the defendants. The United States provided each defendant with an electronic copy of the summaries and the underlying summarized records. The four summaries together with the electronic copies of the summarized exhibits totaled thousands of pages. The United States also created one hard copy of the exhibits and made it available for inspection or copying by the defendants at their convenience.

At a status conference on September 8, 2009, the defendants objected to the United States' production. After hearing the defendants' objection, the Court again ordered the United States to provide hard copies but left open the question of who would pay the costs of these copies.[1] This memorandum addresses the question of whether the United States is obligated, or can legally be ordered, to pay the cost of providing hard copies of documents that have previously been disclosed to the defendants and that are being provided together with a summary of such documents, in electronic format.

## APPLICABLE LAW

Summary exhibits are governed by Federal Rule of Evidence 1006. That Rule directs that, "the originals, or duplicates, shall be made available for examination or copying, or both, by

---

[1] Upon hearing that they might be obligated to pay the costs of such a production, the defendants informed the United States that they would not like a copy of the documents until they were informed of: (1) the total cost of copying; and, (2) whether they would have to bear that cost. In the interim, the defendants have all of the documents in electronic format and can view them electronically or print hard copies at their convenience.

other parties at reasonable time and place."

Rule 16 of the Federal Rules of Criminal Procedure governs disclosure in criminal cases. Rule 16 provides that, "the government must permit the defendant to inspect and to copy or photograph," relevant documents.

ARGUMENT

There is no legal basis to require the United States to pay to provide hard copies of documents that are summarized in the James summaries. Courts that have examined the question of whether the United States must pay to provide copies of discovery have determined that defendants must bear the cost of copying records disclosed by the United States.

For example, in the case of the United States v. Freedman, 688 F.2d 1364 (11th Cir. 1982), the United States collected approximately 300,000 documents during the course of the investigation. The District Court ordered the United States to make, at its own expense, a copy of all the documents that it probably or might use at trial. Id. 688 F.2d at 1365. When the United States refused to comply with this order, which would have cost approximately $35,000, the District Court excluded the evidence. The 11th Circuit reversed the district court decision, holding, "[a]n examination of the express language contained in Rule 16 necessarily directs the conclusion that the rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material." The Court further held that, "To mandate that the government expend both its valuable time and funds in copying documents which the defendants have requested, when Rule 16 does not expressly require such, constitutes an abuse of the trial court's discretion and places an unjustifiable expense on the United States government."

The District Court in the case of United States v. Tyree, 236 F.R.D. 242 (E.D.Pa. 2006), reached a similar conclusion. In that case, the United States Attorney's Office adopted a policy of making discovery available to defendants, but of charging defendants a per-page fee for copies. Tyree, who was indigent and was represented by appointed counsel, filed a motion for discovery seeking to compel the United States to pay the costs of copying these records. The total cost of copying the discovery in that case was approximately $50.00. The District Court, after examining the applicable law, found that, "a fair examination of the four corners of Fed.R.Crim.P. 16 reveals no affirmative duty on the Government to pay for copying. Rather, its only duty is to make documents 'available for inspection, copying or photographing' or to allow the defense 'to inspect and to copy or photograph' documents and things." Id. at 244. The Court continued, "where a defendant is not indigent, 'he should not be permitted to transfer the cost of his discovery requests to the government.'" Id. (quoting Freedman, 688 F.2d at 1367); *see also* Premises Known as Statler Towers v. United States, 787 F.2d 796, 798 (2d Cir.1986) ("In the discovery context, Rule 16's clear import is that the defendants, at least non-indigent ones, must pay the cost of copying documents" that the Government holds).

The present case provides a less compelling case than either Freedman or Tyree. First, the United States has provided copies of all documents at issue in electronic format to the defendants twice: once as part of general disclosure and once as a set of documents supporting the proposed summaries. Along with providing the electronic copies, the United States has made available hard copies of all documents at the defendants' convenience. Thus, the United States has already complied with its legal duty under Fed. R. Evid. 1006 or Fed. R. Crim. Proc. 16; indeed by providing an electronic copy of the records at no cost to the defendants the United

States did more than is legally required.

The United States Attorney's Office for the District of Utah (USAO) has a formal policy regarding discovery requests. Under that policy, the United States agrees to pay the cost of providing fewer than 500 pages of discovery to defendants at no charge. Larger requests will be billed to the defendants at the rate of the USAO's contract for third party scanning and copying services. The United States has sent the defendants a letter explaining that in this case the costs of copying the records will be nine cents per copy. The United States estimates that the total number of documents subject to the Court's order will be fewer than 20,000. Thus the total cost to each defendant should not exceed $1,800.

## CONCLUSION

Because the United States has already provided a copy of the summaries and all summarized documents, and because the law limits the obligation of the United States to making documents available for copying and inspection, the United States moves the Court to order that if the defendants request hard copies of the summaries, the defendants shall bear all associated copying costs at the rate identified in this motion.

BRETT L. TOLMAN
United States Attorney

/s/ *D. Loren Washburn*
D. LOREN WASHBURN
Assistant United States Attorney

/s/ *Marty Woelfle*
MARTY WOELFLE

/s/ *Lisa Page*
Trial Attorneys
Organized Crime & Racketeering Section

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

D. Gilbert Athay
43 E 400 S
SALT LAKE CITY, UT 84111
(801)363-7074
Email: dgathay@msn.com

Michael Pancer
105 W F ST 4TH FL
SAN DIEGO, CA 92101-6036
(619)236-1826
Email: mpancer@hotmail.com

Fred D. Gibson, III
LIONEL SAWYER & COLLINS (LV)
1700 BANK OF AMERICA PLAZA
300 S FOURTH ST
LAS VEGAS, NV 89101
(702)383-8929
Email: pgibson@lionelsawyer.com

G. Fred Metos
10 W BROADWAY STE 650
SALT LAKE CITY, UT 84101
(801)364-6474
Email: fred@gfredmetos.com

David V. Finlayson
DAVID V FINLAYSON LLC
43 E 400 S
SALT LAKE CITY, UT 84111
(801)220-0700
Email: dvfinlayson@qwestoffice.net

Scott C. Williams
SCOTT C WILLIAMS LLC
43 E 400 S
SALT LAKE CITY, UT 84111
(801)220-0700
Email: scottwilliams1@qwestoffice.net

Vanessa M. Ramos
UTAH FEDERAL DEFENDER OFFICE
46 W BROADWAY STE 110
SALT LAKE CITY, UT 84101
(801)524-4010
Email: vanessa_ramos@fd.org

/s/ S. Tycz