D. GILBERT ATHAY (0143)
Lawyer for Defendant
43 East 400 South
Salt Lake City, Utah 84111
Telephone: (801) 363-7074
Facsimile: (801) 364-3232

_____

## IN THE UNITED STATES DISTRICT COURT,

## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:07CR00286 CW |
| Plaintiff, | : | |
| v. | : | |
| BARON LOMBARDO, et al, | : | MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION REGARDING COSTS OF COPYING |
| Defendants. | : | |

_____

Defendant, by and through his attorney of record, D. Gilbert Athay, hereby files his

Memorandum in Opposition to Government's Motion Regarding Costs of Copying.  By its own

admission, since May 18, 2009, Plaintiff was ordered three times by the court to provide hard

copies of summary exhibits that will be used in the prosecution process against Defendants.

Plaintiff has expressed concern about costs of providing copies of the documents that will be

used in the prosecution process, and has, in violation of the court's order, refused to provide the

documents so that counsel may fully prepare defenses for their clients.  Plaintiff relies on rules of

evidence and criminal procedure in their arguments that the defendants must bear the cost of

defending the charges the government has instituted against some of its citizens.  That reliance,

however, is misplaced because the Constitution of the United States protects it citizens against

the government's taking of private property without due process, U.S. CONST. 5ᵀᴴ AMEND, and

protects its citizens against bills of attainder, U.S. CONST. ART 1 SECTION 9.

Plaintiff argues that the government must not be forced to "expend both its valuable time

and funds in copying documents which the defendants have requested[.]"  However, because the

government initiated the lawsuit, the government has the burden to prove that the defendants

committed the statutory violations charged, and the government's expenses in instituting the

lawsuit against the defendants cannot constitutionally be transferred to the defendants because of

any procedural rules cited by Plaintiff.  The defendants did not "request" the documents that the

court has ordered Plaintiff to provide; the James statement documents are necessary to prove the

government's allegations against the defendants.  In 2009, the Tenth Circuit Court of Appeals,

*per curium*, held:

"Prosecutors are subject to constraints and responsibilities that don't apply to other

lawyers.  While lawyers representing private parties may-indeed, just-do everything

ethically permissible to advance their clients' interests, lawyers representing the

government in criminal cases serve truth and justice first.  The prosecutor's job isn't just

to win, but to win fairly, staying well within the rules.  As Justice Douglas once warned,

"[t]he function of the prosecutor under the Federal Constitution is not to tack as many

skins of victims as possible to the wall.  His function is to vindicate the right of the

people as expressed in the laws and give those accused of crime a fair trial." <u>Douglas v. Workman</u>, 560 F.3d 1156, 1194 (C.A.10), 2009 (citing <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 648-49 (1974) (Douglas, J., dissenting)).

The government relies upon Rule 16 and Rule 16 case law in their motion regarding costs. This is not a Rule 16 issue. The defendants have not "requested" discovery as described in Rule 16. This is an evidentiary issue. <u>United States v. James</u>, 590 F2.d 575 (5th Cir.), cert denied 442 U.S. 971 (1979) and the Tenth Circuit cases following <u>James</u> require the government to produce evidence showing that a conspiracy existed, and identify statements made in the course of and in furtherance of the conspiracy. The court and counsel must have these documents to conduct a meaningful <u>James</u> hearing. This court has ordered the government to comply with the <u>James</u> requirements. The documents herein that the government must provide are <u>evidentiary</u> items (not discovery items) required by the case law to be produced for compliance with <u>James</u>. Rule 16 and applicable case law does not apply here.

However, this is a case where the court has ordered the government to produce documents in order to make the appropriate <u>James</u> findings. The defendant should not be required to bear the financial burden of an obligation imposed upon the government by law. The government cannot require defendants in criminal cases to bear the cost of producing copies of exhibits they intend to introduce at trial. When case law and court rulings require the government to produce evidence and exhibits for hearings prior to trial, defendants likewise cannot be required to pay these costs.

RESPECTFULLY SUBMITTED this 24th day of September, 2009.

/s/ D. Gilbert Athay
D. Gilbert Athay
Attorney for Baron Lombardo

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

United States Attorney's Office
185 South State Street, Suite 400
Salt Lake City, Utah 84111

/s/ Heather M. Stokes