BRETT L. TOLMAN, United States Attorney (#8812)
D. LOREN WASHBURN, Assistant United States Attorney (#10993)
MARTY WOELFLE, Trial Attorney (AZ #009363)
LISA PAGE, Trial Attorney (OH #80820)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>BARON LOMBARDO, et al.,<br><br>           Defendants. | Case No. 2:07CR00286 CW<br><br>SECOND SUMMARY EXHIBIT SUBMISSION |

The United States, through counsel undersigned, hereby submits the second iteration of summary exhibits the Government intends to present at trial in this matter, pursuant to the Court's Order issued on May 19, 2009. (Doc. #342). The first Summary Exhibits submission reflected money transferred from the Enterprise to: (1) co-defendant BetonSports; (2) Web Site B (Cybertronix/Pyramid Casino); (3) Web Site C (Pinnacle); and Web Site D (CRIS/Betcris).[1]

---

[1] The factual and legal arguments made in previous pleadings regarding the admission of co-conspirator statements (Doc. #'s 70, 160, 177 190, 191, 336 and 393) are herein incorporated by reference. This Submission addresses only the admissibility of the proffered materials pursuant to Fed.R.Evid. 801(d)(2)(E). It does not address the alternative bases under which these documents could be admitted at trial. Additionally, this Submission does not address the matters determined by Judge Stewart in his Order (Doc. #192, issued July 23, 2008).

This second submission summarizes money transferred from the Enterprise to Web Site A (Sportingbet). The summary exhibit and the supporting documentation is provided to defense counsel on a computer disk.[2]

I.     SUMMARY EXHIBIT FORMAT

As with the first submission, this summary exhibit consists of three parts: (1) a chart/bar graph reflecting the amount of money transferred from the Enterprise to Sportingbet, by month (Exhibit A); (2) a list of the actual dollar amounts depicted in the bar graph (Exhibit B); and (3) an Excel spreadsheet listing data sources (Exhibit C). The spreadsheet columns contain the following data, where available: the date (settlement date); the gross amount of money transferred; the beneficiary bank and account name; the sender bank and account name; Enterprise money transfer requests and associated communications (more fully described in ¶ II.A below); CurrenC client statements (more fully described in ¶ II. B below); and Enterprise internal statements (more fully described in ¶ II. C below). The spreadsheet provides the source document bates number or file path locator. At trial, the United States intends to introduce the bar graph and the subtotal list only.

The records held by the Enterprise show that payments were described as applied to various Sportingbet categories called QuayPay, LowePay, linq2Line, PayPlastik and PPServices. However, the vast majority of payments were made to the same account, SB PLC USD Main. It appears that the different categories were used by Sportingbet to separate the source of funds by the particular type of gambling, and by payment method.

---

[2] Copies of the disk have not been provided to counsel for defendants who have entered pleas of guilty. Copies of the disk can be obtained from the United States Attorney's Office.

II.   SOURCE DOCUMENTS

    A.   Enterprise Transfer Requests and Associated Communications

The Enterprise transfer requests consist of copies of fax transmission pages and printed versions of electronic mail sent from one of the defendants or an employee of the Enterprise, to a bank where the Enterprise maintained an account. The vast majority of these communications are in the form of emails from defendant Tina Hill to First Global Bank employees Marsha Richards and/or Daudrie Powell. The emails instruct First Global Bank to transfer funds from accounts held by the Enterprise to accounts held by Sportingbet, primarily the SB PLC USD Main account. The facsimile transmissions are generally to the Korea Exchange Bank and its London branch. The emails and facsimile pages state the amount of money to be wired, and the beneficiary account holder. Many of these documents also show handwritten notes indicating the recipient web site, the date the transfer occurred, the week ending date, and the date of posting. The associated communications are confirmations of monies sent, usually from defendant Tina Hill to Sportingbet employees (typically Eloise Main or Rob McKenzie), or requests for information from the client regarding specific transactions.

All of the transfer requests were authored by one of the defendants, or an employee of the Enterprise. All of the associated communications were authored by a defendant, an Enterprise employee, or were incorporated into the business records of the Enterprise, and are thus adoptive admissions of the Enterprise itself (Fed.R.Evid. 801(d)(2)(B)); United States v. Ary, 518 F.3d 775, 787 (10th Cir. 2008). All of the statements were made between January of 2000 and May of 2007, the time period alleged in the Superseding Indictment. All of these communications were designed and intended to transfer money collected by the Enterprise to its client Sportingbet, and

therefore further the objects of the conspiracy. Each statement is admissible against each individual defendant. These documents constitute statements made by individuals who were members of the conspiracy, in the course of and in furtherance of the conspiracy. They are therefore admissible against the defendants pursuant to Fed.R.Evid. 801(d)(2)(E).

      B.     <u>CurrenC Client Statements</u>

These documents are called either "CurrenC Statements" or "Cumulative Outstanding." These documents were prepared by the Enterprise to inform its client Sportingbet of money owed to or transferred from the Enterprise to the web site for a particular time period. The "Cumulative Outstanding" documents obtained from the Enterprise's computers included listings of transactions between individual gamblers and the Enterprise's Internet gambling web site clients. The Government's Summary Exhibits are based on the "Cumulative Outstanding" cover statements only, and not the transaction listings, which were commonly attached to the Cumulative Outstanding documents sent to Sportingbet.

The CurrenC Statements and Cumulative Outstanding were created by employees of the Enterprise, during the time period alleged in the Superseding Indictment. The purpose of these documents was to assist the Enterprise and its clients in keeping track of money that had been collected by the Enterprise, and the money that had been disbursed by the Enterprise to Sportingbet. These documents constitute statements made by individuals who were members of the conspiracy, in the course of and in furtherance of the conspiracy. They are therefore admissible against all of the defendants pursuant to Fed.R.Evid. 801(d)(2)(E).

C.   Enterprise Internal Statements

These documents consist primarily of spreadsheets labeled as summary reports and "CurrenC Worldwide Settlement Activity" forms. The summary reports list settlement dates and amounts for Sportingbet. The time periods covered by the summaries vary from months to years. The Settlement Activity reports are more detailed, breaking down transactions types and listing transaction fees. These documents were created by one of the defendants, or an employee of the Enterprise, during the time period alleged in the Superseding Indictment. The purpose of these documents was to assist the Enterprise in keeping track of the funds it collected and distributed to various Sportingbet entities. These documents constitute statements made by individuals who were members of the conspiracy, in the course of and in furtherance of the conspiracy. They are therefore admissible against all of the defendants pursuant to Fed.R.Evid. 801(d)(2)(E).

//
//
//
//
//
//
//
//
//
//

III.     SUPPORTING DOCUMENT SUBMISSION

The United States has made one paper copy of each of the source documents summarized in this summary exhibit. The paper copy is available at the United States Attorney's Office for inspection and copying (at defense expense). United States v. Tyree, 236 F.R.D. 242, 244 (E.D. Pa 2006); See also Premises Known as Statler Towers v. United States, 787 F. 2d 796, 798 (2d Cir. 1986) ("Rule 16's clear import is that the defendants, at least nonindigent ones, must pay the cost of copying documents legally held by the government"); United States v. Smith, 371 F. Supp. 672, 672 (D. N.C. 1973) ("Rule 16(a) and (b) do not require that the government copy and photograph for the defendant"). The United States has scanned the source documents, and provided each lead counsel with a separate electronic version of the source documents for this summary exhibit.

Respectfully submitted this 14th day of December, 2009.

        BRETT L. TOLMAN
        United States Attorney

        /s/ *D. Loren Washburn*
        D. LOREN WASHBURN
        Assistant United States Attorney

        /s/ *Marty Woelfle*
        MARTY WOELFLE
        Trial Attorney
        Organized Crime & Racketeering Section

        */s/ Lisa Page*
        LISA PAGE
        Trial Attorney
        Organized Crime & Racketeering Section

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2009, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

D. Gilbert Athay  
43 East 400 South, Suite 325  
Salt Lake City, UT 84111-2767  

David V. Finlayson  
David V. Finlayson, LLC  
43 East 400 South  
Salt Lake City, UT 84111  

Scott C. Williams  
Scott C. Williams LLC  
43 East 400 South  
Salt Lake City, UT 84111  

Mark R. Gaylord  
Ballard Spahr Andrews & Ingersoll, LLP  
One Utah Center - Suite 600  
201 South Main Street  
Salt Lake City, UT 84111-2221  

Jeremy M. Delicino  
10 West Broadway, Ste. 650  
Salt Lake City, UT 84101  

Loni F. Deland  
43 East 400 South  
Salt Lake City, UT 84111  

G. Fred Metos  
McCaughey & Metos  
10 West Broadway, Ste. 650  
Salt Lake City, UT 84101  

Vanessa M. Ramos  
Utah Federal Defenders  
46 W. Broadway, Ste. 110  
Salt Lake City, UT 84101  

Michael Pancer  
4th Floor  
105 West F Street  
San Diego, CA 92101-6036  

Fred D. "Pete" Gibson III  
Lionel Sawyer & Collins  
1700 Bank of America Plaza  
300 South Fourth Street  
1700 Bank of America Plaza  
Las Vegas, NV 89101  

Christopher Mathews  
Lionel Sawyer & Collins  
300 South Fourth  
1700 Bank of America Plaza  
Las Vegas, NV 89101  

      /s/   *Marty Woelfle*  
      Marty Woelfle