_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:07 CR 286 CW |
| Plaintiff, | : | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | : | |
| BARON LOMBARDO, et al., | : | |
| Defendants. | : | Hon. Clark Waddoups |

_____

**FINDINGS AND ORDER**

Based upon the stipulated motion presented to the Court about the nature of the case, this case continues to be complex and the government and the defense require and requests additional time to clarify the information related to possible restitution and forfeiture issues. The Court being familiar with file herein, the Court makes the following Findings:

1. This case is deemed to be complex based upon the nature of the prosecution and with an amount of discovery that should be reviewed by counsel for the defendant. It is also complex in that complex new legal issues have arisen impacting the forfeiture, discovery, evidence, and theories of this case.

2. The Court finds that additional time for preparation of the case, and preparation for trial is appropriate. Taking into account the exercise of due diligence by the parties, it is unreasonable to expect this process to be completed in an adequate way within the time

anticipated by the Speedy Trial Act, Title 18 U.S.C. Sections 3161, et seq., see especially Section 3161(h)(7)(A) and (B)(ii).

3.  The Court further finds that in view of the complexity of the matter, in order for defense counsel to adequately review of the discovery and evidence in this matter, the ends of justice would be best served by setting a **status hearing** on April 11, 2012 at 3:00 p.m.  The ends of justice so served outweigh the best interest of the defendant, the public or the United States in a speedy trial.  All time from the date of the initial appearance up through and including the date of the change of plea hearing is excludable from any calculation required by the Speedy Trial Act.

4.  The Court also finds, in accordance with the provisions of 18 U.S.C. §§ 3161 (h) (7) (A) and 3161(h)(7)(B)(iv), that the ends of justice, the public interest, and the defendant's interests are served by these delays, continuing the trial date to provide proper time to prepare for trial, outweigh the best interest of the public and the defendant in a speedy trial.

5. The Court also finds that this Motion to Continue may be interpreted as a pre-trial motion to set this matter for a status hearing. The Court finds that the time is also excludable under 18 U.S.C. 3161 (h)(1)(D) (the filing of pretrial motion to set the matter for a status hearing), and 18 U.S.C. 3161 (h)(1)(G) (consideration of a proposed plea agreement).

6. The Court also finds that this case involves witnesses and evidence that are outside of the United States, so time may also be excluded under 18 U.S.C. 3161(h)(8).

**Based upon the foregoing Findings, it is hereby ORDERED:**

1.  All time from March 2, 2012, and the date of the status hearing April 11, 2012 at 3:00 p.m., is excludable, and is hereby excluded from any calculation required by the Speedy Trial Act,

Title 18 U.S.C. § 3161 (h) (1) (D), 3161 (h)(7)(A), 3161(h)(8) et seq.

DATED this 1st day of March, 2012.

BY THE COURT:

_____
Hon Clark Waddoups
United States District Court Judge